UNITED STATES of America, Appellee,

v.

Steven Alan CRAIG, Appellant.

No. 86–2203.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1987.

Decided Sept. 2, 1987.

Rehearing and Rehearing En Banc Denied Oct. 12, 1987.

Cheryl J. Sturm, Wayne, Pa., for appellant.

Michael Fagan, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Steven Alan Craig appeals from the district court's denial of his 28 U.S.C. § 2255 habeas petition. In his petition Craig claimed (1) the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(D) at sentencing; and (2) his trial attorney provided ineffective assistance of counsel by failing to raise the issue of rule 32(c)(3)(D) compliance. We affirm.

With regard to his first claim, Craig contends the "Prosecution Version" segment of the presentence investigation report (PSI) misstated the amount of cocaine he supplied a coconspirator. The agent who prepared the PSI included Craig's objection in both the "Defendant's Version" segment of the PSI and in an attached memorandum. At Craig's sentencing hearing his attorney made a passing reference to the quantity discrepancy (the government's version was about ten pounds, while Craig claimed the amount was two pounds at most) but declined the district court's invitation to discuss in detail any portions of the PSI Craig claimed to be inaccurate. Instead, the attorney chose to stress Craig's rehabilitation, cooperation, limited involvement in the conspiracy, lack of criminal record, and opportunity for gainful employment. When exercising his right at the sentencing hearing to comment on the PSI, Craig made reference to his version of the report. The district court made no findings on the quantity of cocaine involved in the offense to which Craig pleaded guilty.

Craig did not appeal either his conviction or his sentence. Instead, he moved under Federal Rule of Criminal Procedure 35 for a discretionary sentence reduction. The motion reiterated the arguments offered at the sentencing hearing but contained no assertion of erroneous information in the PSI. Craig did not appeal the district court's denial of his rule 35 motion. At all stages of his case Craig was represented by counsel.

Rule 32 of the Federal Rules of Criminal Procedure requires the district court either to make findings concerning claimed factual inaccuracies in a PSI or to declare the findings unnecessary because the controverted matter will not be taken into account. See Fed.R.Crim.P. 32(c)(3)(D). Because the district court made no findings in Craig's case on the disputed quantity of cocaine, we are faced with a failure to comply with rule 32. The question is whether this failure may be entertained in the context of this section 2255 petition after two prior appeals have been bypassed by Craig while he was represented by counsel.

This court has held a prisoner may seek relief under section 2255 for noncompliance with rule 32(c)(3)(D). *Poor Thunder v. United States*, 810 F.2d 817, 822–23 (8th Cir.1987). Section 2255 relief is not available for every rule 32 violation, however, and it is not open to a petitioner who "failed, for no good reason, to use another available avenue of relief." *Id.* Unlike the petitioner in *Poor Thunder*, who raised the PSI errors in a rule 35 motion and whose pro se status excused his failure to appeal from the denial of the rule 35 motion, *see id.* at 823, Craig was represented by counsel and elected not to pursue two appeals in which the PSI's accuracy could have been raised. We conclude *Poor Thunder* bars Craig from asserting his rule 32(c)(3)(D) claim as a ground for habeas relief unless the failure to raise the claim in an earlier available appeal was the product of ineffective assistance of counsel.

We thus turn to the question of whether Craig's counsel was ineffective in this case. Both Craig and his lawyer were aware of the quantity discrepancy, and the proceedings reflect a strategy to refrain from challenging details of the PSI and instead pri-

marily to emphasize Craig's qualities favoring a minimal sentence, probation, or future parole. Whether to emphasize mitigating factors or to litigate the accuracy of the PSI's characterization of his criminal conduct was a tactical decision. In these circumstances, Craig has failed to overcome the strong presumption his attorney "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

Accordingly, we affirm the district court's denial of Craig's petition.