972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CULP, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6237.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case involves an appeal by the petitioner, David Culp, from the denial of his motion to vacate, filed pursuant to 28 U.S.C. § 2255, his sentence from a prior conviction. For the reasons stated herein, we AFFIRM the decision of the district court.
 
 
 2
 On May 16, 1985, Culp attempted to circumvent prison urinalysis requirements by taping a urine-filled bottle to his penis. The prison officer on duty noticed Culp's suspicious conduct and decided to perform a strip search, whereupon he discovered the bottle. The officer prepared an incident report, which ultimately culminated in an Institution Discipline Committee ("IDC") hearing.
 
 
 3
 Following the incident, Culp was placed in the segregation unit with the co-defendant, Albert Raymer.[1] At the IDC hearing, Culp called Raymer as a witness in an attempt to establish that he was selectively prosecuted. Raymer testified that he gave a urine specimen in August, 1984, when he also attempted to circumvent the urinalysis test in the same manner as Culp. Raymer further stated that the officer did not prepare an incident report.
 
 
 4
 The IDC inquired as to whether Raymer had given a urine specimen in August, 1984, and found that he had not given such a specimen. Thereafter, the IDC found Culp guilty of the charged incident.
 
 
 5
 In May, 1985, Culp requested a temporary restraining order. In a hearing before the United States Magistrate Judge ("Magistrate"), Culp stated that Raymer testified that he gave the sample sometime "around August, 1984." Raymer signed a written declaration, which Culp prepared, stating that he testified before the IDC that the incident occurred in October, 1984. Raymer also testified that he was asked to give a urine specimen in October, 1984, and was caught while attempting to circumvent the urinalysis requirements in the same manner as Culp but was not reported for this incident. Raymer testified that he stated to the IDC that the urine incident occurred in October, 1984. Correctional Officer Kenneth Melton testified that he requested a urine sample from Raymer in October, 1984, but he denied finding a bottle on Raymer and stated that if a bottle had been found, Raymer would have been reported.
 
 
 6
 In October, 1986, a federal grand jury indicted Culp on three counts, charging him with: (1) conspiracy to violate 18 U.S.C. §§ 1001 and 1623;[2] (2) aiding and abetting Raymer in committing perjury before the Magistrate, in violation of 18 U.S.C. § 1623; and (3) aiding and abetting Raymer in committing perjury before the Magistrate, in violation of 18 U.S.C. § 1001. Culp, choosing to represent himself (but with "elbow" counsel appointed), said in his opening statement that he was not charged in count 2 of the indictment. On recross-examination, the Assistant U.S. Attorney implied that Culp was incorrect about not being charged in count 2, but no objection was raised. The jury returned a guilty verdict on all counts.
 
 
 7
 Culp appealed to the Sixth Circuit challenging the sufficiency of the evidence. This court affirmed the district court in an unpublished decision. In 1989, Culp filed a motion to vacate his sentence, which the court below construed as a § 2255 petition and ordered that the case be referred to the Magistrate. In his motion, Culp asserted that he: (1) did not have sufficient notice that he was named in count 2 of the superseding indictment, and (2) was selectively prosecuted. The Magistrate found that Culp had made a prima facie case on retaliatory prosecution and recommended that he be given a hearing to determine if he had been subjected to retaliatory or vindictive prosecution. He also recommended granting a new trial on issue (1). The district court sustained objections by the prosecution and dismissed the petition.
 
 
 8
 The claims presented herein and in Culp's motion were not raised on direct appeal. Therefore, to obtain collateral relief, Culp must show cause excusing his procedural default and actual prejudice resulting from the alleged errors. United States v. Said, 456 U.S. 152, 168 (1982). We need not address the prejudice issue, as we find that Culp has failed to show cause for his failure to raise the issues on direct appeal.
 
 
 9
 A petitioner does not have grounds for relief if the failure to raise a claim resulted from counsel's strategic choice. United States v. Craig, 827 F.2d 393 (8th Cir.1987). Culp asserts that he instructed his counsel to raise the issues on appeal. However, Culp's counsel sent him a letter stating that he made a tactical decision not to raise the issues contained in the § 2255 petition on direct appeal.[3] Culp has not asserted sufficient facts establishing a claim for ineffective assistance of counsel. Therefore, Culp has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Absent adequate proof of ineffective assistance of counsel, Culp has failed to show cause for failing to raise the issues on direct appeal. For the aforementioned reasons, we AFFIRM the district court's dismissal of Culp's petition.
 
 
 
 [1]
 Raymer is not a party to this appeal
 
 
 [2]
 The conspiracies involved agreements between Culp and Raymer in which they would make false statements and commit perjury to convince the IDC that Culp should not be punished and in which they would present a fabricated story to the Magistrate
 
 
 [3]
 Culp's counsel may have had numerous reasons for not raising the issues on direct appeal, including, but not limited to, the claims may be without merit