UNITED STATES of America,
Plaintiff–Appellee,

v.

John Frederick HAGGERTY,
Defendant–Appellant.

No. 92–5113.

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 1993.

Allen J. Litchfield (Tony M. Graham, U.S. Atty., and Neal Kirkpatrick, Asst. U.S. Atty., on the briefs), Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Ronald C. Bennett, Tulsa, OK, for defendant-appellant.

Before BRORBY, SETH, and HOLLOWAY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Haggerty entered a guilty plea to the crime of being a convicted felon in possession of a firearm. He appeals the sentencing court's decision that it had no power to depart downward from the Guideline Range.

While driving a pickup, Mr. Haggerty, a convicted felon, pointed a rifle at two boys who passed him in another car. Mr. Haggerty was charged in state court with the felony offense of pointing a firearm. Mr. Haggerty was allowed to plead guilty to a state misdemeanor offense of recklessly handling a firearm and was sentenced to and served fifteen days in the county jail. It is these facts which give rise to the present offense.

When it was discovered that Mr. Haggerty had previously been convicted of a felony, he was charged with and pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1988). At sentencing in federal court, Mr. Haggerty filed a motion to depart downward from the calculated Guideline Range. The factual basis of this motion was essentially that the State of Oklahoma had punished him (fifteen days incarceration) and had elected not to revoke Mr. Haggerty's parole for the underlying felony. At sentencing, Mr. Haggerty's state parole supervisor testified that Mr. Haggerty was one of his better parolees and, outside of this, he had nothing of a negative nature to report.

The sentencing court declined to depart downward stating: "I understand the sincerity with which you urge your position. I do not think the Court has the latitude under the guidelines to grant a downward departure and I'm not totally convinced that it would be appropriate in any event." The Guideline Range was twenty-one to twenty-seven months and the district court sentenced Mr. Haggerty to twenty-one months.

Mr. Haggerty appeals arguing the sentencing court erroneously concluded it had no power to depart downward under the Guidelines.

There existed some ambiguity in the sentencing court's remarks. If the sentencing court meant the facts of this case did not warrant a downward departure, then the

court's discretionary refusal to depart downward is not appealable. *United States v. Roberts,* 980 F.2d 645, 648 (10th Cir.1992); *United States v. Brownlee,* 970 F.2d 764, 766 (10th Cir.1992); *United States v. McHenry,* 968 F.2d 1047, 1048 (10th Cir.1992). If, however, the court meant that it did not have the authority to depart under the Sentencing Guidelines, then Mr. Haggerty's claim involves a legal issue which is reviewable by this court. *United States v. Wach,* 907 F.2d 1038, 1039 (10th Cir.1990).

The trial court, recognizing the ambiguity, entered an order of clarification stating:

> The Court intended to find that it had no basis for granting, and therefore no power to grant, a downward departure under the circumstances. The Court again finds that the Sentencing Commission did not intend for the Court … to grant a downward departure on the grounds that the United States of America has charged the person with substantially the same crime.

We interpret the trial court's remarks as indicating it believed it lacked the authority under the Sentencing Guidelines to depart on these grounds.

 The sole issue presented on appeal, therefore, is whether the district court had the authority to depart under the Sentencing Guidelines for the circumstances offered by Mr. Haggerty.[1] The Sentencing Reform Act states that a sentencing court may depart from the Guidelines if "the [sentencing] court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

18 U.S.C.A. § 3553(b) (West.Supp.1993); *see also* U.S.S.G. § 5K2.0, p.s. (1991). The plain language of this provision requires the district court to make three determinations in deciding whether it has the authority to depart: (1) is the circumstance "of a kind, or to a degree, not adequately" considered in the Guidelines; (2) is the circumstance "aggravating or mitigating"; and (3) should the circumstance "result in a sentence different from that described." A sentencing court may depart only if it is satisfied all three requirements are present.

 The first determination is essentially a legal question. *See United States v. White,* 893 F.2d 276, 278 (10th Cir.1990). In the present case, the circumstances offered by Mr. Haggerty satisfy this first step as they are not "of a kind" considered in the Guidelines. The second and third determinations are necessarily factual questions which should be addressed by the district court after carefully reviewing the circumstances surrounding the underlying conviction. Thus, in making its decision whether a departure is permissible under 18 U.S.C.A. § 3553(b), the district court must decide not only whether the circumstance is covered by the Guidelines, but also whether the factor is mitigating or aggravating in nature, and whether it should result in a sentence different from that described. Only after the court has answered these three questions should it decide whether it has the authority to depart, and if so, the degree of departure warranted. If a court decides it does not have the authority to depart, as opposed to a discretionary decision not to depart, we may review its determinations.[2] Because the dis-

---

1. Ordinarily, we review a district court's decision to depart under the three-prong test set forth.in *United States v. White,* 893 F.2d 276, 277–79 (10th Cir.1990). The *White* analysis is inapplicable in this case because we are only asked to decide whether the district court had the authority to depart.

2. For clarification, we note that in reviewing a district court's decision to depart under *White,* · our first step is to "determine whether the circumstances cited by the district court justify a departure from the Guidelines." *White,* 893 F.2d at 277. This is essentially the same determination we made in this case when asked to

review the court's decision that it does not have the authority to depart. In making this determination under *White,* we apply the language in 18 U.S.C.A. 3553(b), but generally limit our inquiry to the legal question of whether the circumstance is of a "kind, or to a degree," not considered by the Guidelines. However, if we were presented with a case where a district court departed based upon a totally irrelevant circumstance, we would not hold such a departure authorized merely because the circumstance was of a kind omitted by the Guidelines. We could also hold, under the third prong of *White,* that no degree of departure would be reasonable in such a case. *White,* 893 F.2d at 278.

trict court expressed no view as to the second and third determinations in this case, we remand to the district court to make these findings.

■ In making these determinations in the present case, the district court should bear in mind that Mr. Haggerty is not being punished twice for the same offense as he alleges. Mr. Haggerty was given a fifteen-day sentence by the State of Oklahoma for the reckless handling of a firearm and punished by the federal government for being a felon in possession of a firearm. It would also appear from the facts that Mr. Haggerty is not receiving successive punishment for the same acts. *See United States v. Woodard,* 927 F.2d 433, 437–38 (8th Cir.) (Bright, J., dissenting), *cert. denied,* — U.S. —, 112 S.Ct. 246, 116 L.Ed.2d 201 (1991). Although the state and federal convictions stem from a single factual event, they do not involve the same acts. Possession of a firearm was the gravamen of the federal crime, while the reckless handling of a firearm was the gravamen of the state crime.

We are not unmindful of the consequences of this decision. Sentencing courts must be precise when making departure decisions. It is common for sentencing courts to excuse the harshness of the sentence imposed by informing the defendant the Sentencing Guidelines do not permit a departure. This sympathetic and well-intentioned pronouncement in turn spawns an appeal. Most importantly, such a pronouncement produces a well-grounded belief by defendant that he is a victim of injustice, i.e., if the sentencing court could impose a just sentence, it would be less than the Guidelines sentence. It is for these reasons sentencing courts should be precise in making sentencing comments. Sentencing courts should be mindful that a fine line exists between the power or ability to depart, which decision is reviewable by this court, and the discretionary decision not to depart, which decision is not reviewable by this court.

We **REMAND** to the district court for resentencing consistent with this opinion.