46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John L. SAIZ, Defendant-Appellant.
 No. 93-2123.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and CARRIGAN, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CARRIGAN, District Judge.
 
 
 4
 Appellant John L. Saiz pleaded guilty to conspiracy to possess more than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Mr. Saiz raises two issues on appeal: (1) whether the trial court erred in failing to recognize its authority to depart downward from the sentencing guidelines; and (2) whether the trial court erred in refusing his request for production of his codefendants' debriefings, presentence reports, and grand jury testimony for purposes of proving sentence disparity.
 
 
 5
 We hold that the district court recognized its authority to depart downward, and therefore we lack jurisdiction to review the court's exercise of discretion. We affirm the district court's decision not to disclose the codefendants' debriefings, presentence reports, and grand jury testimony.
 
 
 6
 I. FACTUAL BACKGROUND.
 
 
 7
 Mr. Saiz had stored marijuana in a shed on his property on three separate occasions in 1988 and 1989. He was indicted along with fourteen others and pleaded guilty pursuant to a plea agreement.
 
 
 8
 Mr. Saiz' presentence report contained information relating to his codefendants' trials, plea agreements, and sentencings. The probation officer recommended that Mr. Saiz receive a two-point reduction for minor participation. Mr. Saiz objected, arguing that he was a minimal participant rather than a minor participant. He also argued for downward departure.
 
 
 9
 At the sentencing hearing, the court stated:
 
 
 10
 I plan on finding him to be a minimal participant.... As compared with the other folks in this case, that's the best I can do for him. He, in my mind, is the least culpable of everyone. Mr. Horton, who is going to be sentenced under the old sentencing procedures, will be eligible for parole in one-third of the time. And so I think Mr. Saiz is--that's the best thing I can give him.
 
 
 11
 After listening to a long series of arguments for downward departure from the sentencing guidelines, as well as Mr. Saiz's request for his codefendants' debriefings, presentence reports, and grand jury testimony, the court stated:
 
 
 12
 All right. I'll deny your request for other debriefings and another presentence report. I find this is not a case for downward departure.
 
 
 13
 The court adopts the factual findings and guideline applications in the presentence report, with the exception of paragraph 51, page 10, adjustment for role in the offense, in that the Court finds that the defendant is a minimal participant rather than a minor participant and qualifies for an additional two-level adjustment.
 
 
 14
 Finding that Mr. Saiz had an offense level of twenty-one and a criminal history category of I, the district court found that the guideline imprisonment range was thirty-seven to forty-six months. The district court then sentenced Mr. Saiz to thirty-seven months imprisonment.
 
 
 15
 II. APPELLATE JURISDICTION.
 
 
 16
 The government asserts that this court does not have jurisdiction to review the district court's failure to depart downward from the sentencing guidelines.
 
 
 17
 It is well settled in this circuit that the appellate court does not have jurisdiction to review discretionary refusals to depart downward from the sentencing guidelines. United States v. Haggerty, 4 F.3d 901, 902-03 (10th Cir.1993); United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993). If the district court erroneously has concluded that it lacked authority to depart downward, however, appellate jurisdiction exists. Haggerty, 4 F.3d at 903.
 
 
 18
 Mr. Saiz contends that the district court's statements, "that's the best I can do for him," "that's the best thing I can give him," and "I find this is not a case for downward departure," indicate that the trial judge believed that he lacked authority to depart downward. Alternatively, Mr. Saiz argues that these statements are ambiguous and require a remand.
 
 
 19
 The district court's statements, "that's the best I can do for him," and "that's the best thing I can give him," contain some ambiguity. They were made at the beginning of the hearing, however, when the judge was discussing his intention to treat the defendant as a minimal participant rather than a minor participant. After hearing the appellant's arguments for downward departure, the court stated a series of conclusions, all of which contained the words "I find" or "the Court finds." Mr. Saiz asserts that the first of these findings, "I find this is not a case for downward departure," indicates the court's belief that it lacked the discretion to depart.
 
 
 20
 In Barrera-Barron, the district court had stated, "I am not going to find that there are grounds in this case for a downward departure." 996 F.2d at 245-46. We held that we lacked jurisdiction to review the court's refusal to depart downward, stating:
 
 
 21
 [T]he court's use of the verb "find" indicates that the basis for the court's decision is its dissatisfaction with the reasons proffered to support a downward departure, rather than a belief that the proffered reasons do not as a legal matter permit the court the discretion to depart.
 
 
 22
 As in Barrera-Barron, the context of the court's statements here, and its use of the word "find," indicate that the court recognized its authority to depart downward but declined to do so. We therefore lack jurisdiction to review the court's refusal to depart downward from the sentencing guidelines.
 
 
 23
 III. CODEFENDANTS' DEBRIEFINGS AND PRESENTENCE REPORTS.
 
 
 24
 Appellant contends that under Brady v. Maryland, 373 U.S. 83 (1963), he is entitled to production of the debriefings, presentence reports, and grand jury testimony of his codefendants for purposes of proving sentence disparity.
 
 
 25
 Brady establishes that "the suppression ... of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." Id. at 87. Materiality exists "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 26
 The failure to disclose debriefings and presentence reports was not material to punishment because the district court was privy to adequate information about Mr. Saiz' codefendants. Mr. Saiz' presentence report contained information about each codefendant's charges, trials, guilty pleas, and sentencings. Further, the district court considered parity in sentencing, as evidenced by its statement, "As compared with the other folks in this case...." The district court's decision not to disclose additional sentencing data therefore is affirmed.
 
 
 
 **
 Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.