61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos RIQUE, Defendant-Appellant.
 No. 94-2219.
(D.C. No. CR-94-116-04-LH)
 United States Court of Appeals, Tenth Circuit.
 July 18, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Carlos Rique pled guilty to three counts of conspiracy to possess with the intent to distribute more than 50 grams of marijuana in violation of 21 U.S.C. 846, 841(a)(1). Mr. Rique appeals his sentence as of right arguing the district court erroneously concluded it lacked authority to depart downward. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 After pleading guilty, Mr. Rique filed a sentencing memorandum requesting a downward departure based upon a single act of aberrant behavior. He alleged that although he participated in a marijuana conspiracy by planning transactions, travelling out of state to purchase the drug, and transporting the marijuana, he had "virtually" no prior criminal history.[2] He asserted his record indicates that he will not engage in selling marijuana again. During sentencing, the district court did not discuss Mr. Rique's request for departure but instead stated "there is no need for an evidentiary hearing as there are no disputed facts." Mr. Rique asserts the district court's silence on the downward departure is equivalent to a finding the court lacked authority to consider the request.
 
 
 4
 We cannot review a district court's discretionary refusal to depart downward. We can only review the court's determination that it lacked authority to depart. United States v. Haggerty, 4 F.3d 901, 902-03 (10th Cir.1993). Moreover, this determination must be unambiguous in the record. See United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994). It is unclear from the record that the district court found it lacked authority to consider a downward departure. At most, the court's silence is ambiguous.
 
 
 5
 During the sentencing hearing, the court gave Mr. Rique's attorney the opportunity to argue for a downward departure. After hearing argument from Mr. Rique's attorney, the district court adopted the presentence report and found no facts were in dispute. Included as part of the presentence report were findings of the probation officer: "The conduct involved ongoing multiple acts including planning and executing the transportation scheme for the distribution. This conduct is not viewed as merely opportune.... [T]he defendant is not viewed as qualifying for a downward departure for a single act of aberrant behavior."
 
 
 6
 The record does not support the conclusion that the district court found it lacked authority to consider Mr. Rique's request for a downward departure. Accordingly, we must AFFIRM the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The undisputed presentence report includes references to two arrests in the 1970s for automobile theft