61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Maurice CLARK, Defendant-Appellant.
 No. 95-6051.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Tyrone Maurice Clark appeals the 180-month sentence imposed by the district court, raising two issues. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 3
 Mr. Clark was charged in a multi-count indictment with various drug-related charges stemming from his possession of cocaine. He subsequently pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. 846. In accordance with Fed.R.Crim.P. 32, the case was referred to the probation office for the preparation of a presentence report.
 
 
 4
 The probation officer determined Mr. Clark's unadjusted base offense level was 32 under USSG 2D1.1. The report also recommended a two-level increase under USSG 2D1.1(b)(1) for Mr. Clark's possession of a "dangerous weapon," and another two-level increase under USSG 3B1.1(c) for his role as a "leader and organizer" of the conspiracy. After a two-level reduction for acceptance of responsibility, see USSG 3E1.1, Mr. Clark's adjusted offense level was 34, which, when coupled with a criminal history category II, resulted in a sentencing range of 168 to 210 months.
 
 
 5
 At sentencing, Mr. Clark objected to the two-level increase under 3B1.1(c) for his role in the offense. In addition, his counsel urged the court to depart downward based on the disparity in sentences between Mr. Clark and his codefendant, Henry Barnes.[2] The district court overruled the 3B1.1 objection, concluding Mr. Clark "negotiated the price for the transaction ... gathered the funds for the purchase," and directed and controlled Mr. Barnes. The district court also denied the request for a downward departure, concluding there was "nothing presented to the Court ... that would allow the Court to make any kind of downward departure in Mr. Clark's case." The court then sentenced Mr. Clark to 180 months imprisonment, within the guideline range of 168 to 210 months. On appeal, Mr. Clark renews his claim that it was error to apply the two-level enhancement under 3B1.1(c) and that the court erred in denying his request for a downward departure.
 
 
 6
 A district court's finding regarding a defendant's role in the offense under 3B1.1 is a finding of fact, reviewed only for clear error. See United States v. Hanif, 1 F.3d 998, 1004 (10th Cir.), cert. denied, 114 S.Ct. 573 (1993). The government bears the burden of proving, by a preponderance of the evidence, that the facts of a particular case warrant an enhancement. See id. "Key determinants of the applicability of 3B1.1 are control or organization." United States v. Litchfield, 959 F.2d 1514, 1522 (10th Cir.1992) (citation and internal quotations omitted). Relevant commentary in the guidelines, which we are bound to follow, see United States v. Santistevan, 39 F.3d 250, 254 (10th Cir.1994), provides that this enhancement "may be warranted" where the defendant "exercised management responsibility over the property, assets, or activities of a criminal organization." USSG 3B1.1, comment. (n.2).
 
 
 7
 As indicated, the district concluded a two-level enhancement was warranted because Mr. Clark negotiated the prices and quantities of cocaine for his organization, collected funds to purchase the cocaine, and directed the activities of Mr. Barnes.[3] These facts support a finding that Mr. Clark's conduct constituted a managerial or supervisory role in this drug distribution organization. As we have stated, "[t]o qualify as a supervisor, one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity.' " United States v. Pedraza, 27 F.3d 1515, 1530 (10th Cir.) (quoting Hanif, 1 F.3d at 1004), cert. denied, 115 S.Ct. 520 (1994). The evidence adduced at the sentencing hearing and contained in the presentence report established the cocaine in question "definitely" belonged to Mr. Clark and not Mr. Barnes. The evidence also showed that during the undercover drug buy resulting in the arrest of both men, Mr. Clark instructed Mr. Barnes to wait, with a briefcase of money, until Mr. Clark signaled to him to bring the money out to exchange for the drugs. These facts support the district court's decision to apply a two-level increase for Mr. Clark's managerial or supervisory role in this case, and these predicate findings are not clearly erroneous.
 
 
 8
 As for the departure issue, it is clear that a sentencing court's discretionary refusal to depart downward is not appealable when the court recognizes it possesses the power to so depart but elects not to do so in a given case. See, e.g., United States v. Haggerty, 4 F.3d 901, 902-03 (10th Cir.1993). If the sentencing court's refusal to depart downward is premised on the court's belief it lacked the power to depart downward, however, we have jurisdiction to review that determination to decide whether the district court did have the authority to so depart. Id. at 903. Of course, there may be situations where the basis for the district court's refusal to depart is ambiguous. In those situations, we have indulged a presumption that the district court was aware of its authority to depart "unless the judge's language unambiguously states that the judge did not believe" he or she possessed the authority to depart. See United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994); see also United States v. Stewart, 37 F.3d 1449, 1450 (10th Cir.1994). Our review of the record in this case reveals that while the district judge's statements are somewhat ambiguous, the transcript of the sentencing hearing, "taken as a whole, indicates that the court fully understood the extent of its discretion and properly exercised it." Stewart, 37 F.3d at 1450.
 
 
 9
 The issue of a downward departure was raised for the first time by counsel's oral motion at sentencing. In the course of making this motion, Mr. Clark's counsel stated it was based on disparity in punishment for him as compared to Mr. Barnes. After the motion was made, the court sought a clarification, stating "[w]hat basis would you ask the Court--what basis at all in fact [is there] to make any downward departure." In its oral order denying the request for a downward departure, the court stated:
 
 
 10
 [I]t would appear from the arguments there is nothing presented to the Court that really under the guidelines or the case law that is in front of the Court that would allow the Court to make any kind of downward departure in [this] case....
 
 
 11
 ....
 
 
 12
 The Court is of the opinion that the Court's options are as the guidelines sets out and that is the Court's only option is to impose a sentence [within the guideline range].
 
 
 13
 While some of these comments, read in isolation, arguably show the court did not believe it possessed the power to depart downward, Stewart makes it clear we read the sentencing transcript as a whole. So read, it is apparent that the district court's comments do not unambiguously show the district court did not believe it lacked the authority to depart. Therefore, we have no jurisdiction to review the refusal to depart downward. See Rodriguez, 30 F.3d at 1319.
 
 
 14
 The sentence imposed by the district court is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Barnes was employed by Mr. Clark to protect him and the cocaine in question. Mr. Barnes subsequently pled guilty to one count of carrying or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c), a charge carrying a statutorily mandated five year sentence. The government, however, filed a motion for a downward departure in Mr. Barnes' case, pursuant to USSG 5K1.1, based on Mr. Barnes' substantial assistance. As a result, Mr. Barnes received a sentence of six (6) months home detention and a period of probation
 
 
 [3]
 Not only does the record support a finding that Mr. Clark directed the activities of Mr. Barnes, it also supports an inference that Mr. Clark specifically sought and recruited Mr. Barnes. A defendant's conduct in recruiting other individuals may also be considered in deciding whether this enhancement is appropriate. See, e.g., United States v. Bridges, 50 F.3d 789, 793 (10th Cir.1994)