**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRONE MAURICE CLARK,

    Defendant - Appellant.

No. 99-6087
(D.C. No. CIV-97-615-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Pro se appellant Tyrone Maurice Clark requests a certificate of appealability to appeal the district court's denial of his motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. We deny Clark's application for a certificate of appealability on the grounds that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Clark was charged with several drug-related crimes pertaining to possession of cocaine, and pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Clark appealed his 180-month sentence, and we affirmed. See United States v. Clark, No. 95-6051, 1995 WL 445705, at *1 (10th Cir. July 28, 1995). On direct appeal, Clark objected to the district court's imposition of a two-level increase under U.S.S.G. § 3B1.1(c) for his role as a "leader and organizer" of the conspiracy as well as the court's failure to grant a downward departure. See id. at *1-2. Clark has additionally challenged on notice and double jeopardy grounds, and this court affirmed, the seizure and civil forfeiture of approximately $100,000 in currency in connection with his drug arrest and conviction. See United States v. Clark, 84 F.3d 378, 381-82 (10th Cir. 1996); United States v. Orienta Park Second, No. 96-3228, 1997 WL 312140, at *1 (10th Cir. June 10, 1997).

This case was initiated by Clark's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, filed in the district court, raising five claims of ineffective assistance of counsel and one claim that he was subjected to double jeopardy because of the administrative forfeiture of the seized currency. The district court, finding the record sufficiently developed to permit resolution of the issues without an evidentiary hearing, see United States v. Marr, 856 F.2d 1471, 1472

(10th Cir. 1988), rejected all Clark's claims and denied his motion for a certificate of appealability.

There are four issues which Clark contends justify the grant of a certificate of appealability: 1) the district court failed to determine that he understood the nature and consequences of his plea, in violation of Fed. R. Crim. P. 11; 2) trial counsel rendered ineffective assistance of counsel by advising him to plead guilty to a conspiracy charge that could not be proven because he conspired only with government agents and informants; 3) trial and appellate counsel rendered ineffective assistance of counsel by failing to argue several sentencing issues; and 4) Clark's conviction and the administrative forfeiture of his currency violated the constitutional prohibition against double jeopardy.

Fed. R. Crim. P. 11(c) provides that prior to acceptance of a plea of guilty or nolo contendere, the court must inform the defendant of, inter alia, "the nature of the charge to which the plea is offered." Fed. R. Crim. P. 11(f) similarly provides that a court shall not enter judgment upon a plea of guilty "without making such inquiry as shall satisfy it that there is a factual basis for the plea." Clark argues that the district court violated its Rule 11 obligation to inform him of the nature of the charge to which he pleaded guilty, based on the assertion that the court did not inform him of the nature of conspiracy and did not inform him of nor verify the requirement that a conspiracy consist of at least two genuine

conspirators who are not government agents or informants. Insofar as Clark's brief can be read to rest this claim for relief directly upon allegations of Rule 11 violations, such claims are barred by his failure to raise them on direct appeal. "[T]he failure by a defendant to raise a nonconstitutional issue on direct appeal when he was able to do so ordinarily will bar collateral review of that issue under Section 2255." United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir. 1988) (citing United States v. Smith, 844 F.2d 203, 207 (5th Cir. 1988); United States v. Craig, 827 F.2d 393, 394 (8th Cir. 1987)).

Liberal reading of Clark's pro se pleadings, however, requires that we construe his allegations as a claim that his guilty plea was involuntary as a result of ineffective assistance of counsel, a claim properly brought under Section 2255. "When an involuntariness [of a guilty plea] claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective." Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir. 1988) (citing Hill v. Lockhart, 474 U.S. 52 (1985)), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S.

668, 690-94 (1984). Clark's claim of ineffectiveness turns on the assertion that counsel failed to inform him of the alleged fact that a conspiracy charge was unavailing against him because all members of the charged conspiracy were government agents or informants. While it is certainly correct that one cannot, as a matter of law, conspire with only government agents and informants, see United States v. Newman, 733 F.2d 1395, 1402 (10th Cir. 1984), that was not the charge in this case. Clark was explicitly informed that he was charged with being "involved with Henry Wesley Barnes a co-conspirator." Change of Plea Hr'g Tr. at 27, 42. We have already upheld the sentencing court's conclusion that Clark directed and supervised co-conspirator Barnes, who was not a government agent. See Clark, 1995 WL 445705 at *1-2.

The first branch—deficient performance—of the Strickland ineffective assistance test is not satisfied in this case because of the strong evidence in the record of the involvement of Clark's co-defendant Barnes in the conspiracy. The record contains an affidavit by Clark's trial counsel, William Bock, that objection to Clark's § 3B1.1(c) enhancement would be frivolous "[b]ecause of the existence of pictures, audio tapes, and evidence that a co-defendant was present during the transaction and working directly for the defendant." (II R. Doc. 130 at 2 (Aff. of William Bock)). Therefore, even if, as Clark alleges, Bock did not inform him of the requirement that a non-informant enter the conspiracy, an allegation that is

contrary to Clark's earlier statement at the plea hearing that his counsel informed him of the meaning of conspiracy, such alleged failure would not constitute deficient performance in the face of the compelling record evidence demonstrating the involvement of Barnes as a co-conspirator.

Equally unavailing are Clark's numerous additional claims of ineffective assistance arising out of his sentencing. The district court enhanced Clark's sentence under U.S.S.G. § 3B1.1 for his managerial role in the conspiracy. We have already found strong support in the record for the conclusion that Clark supervised the activities of coconspirator Barnes. See United States v. Clark, 1995 WL 445705, at *2.[1] Thus defendant's counsel did not render deficient performance in reaching a strategic decision not to contest further the imposition of the enhancement.

Trial counsel also did not object to a dangerous weapon enhancement under U.S.S.G. § 2D1.1. Clark, in challenging this decision not to object, presents nothing to refute the district court's conclusion, based on trial counsel's affidavit, that counsel reasonably concluded objection to the § 2D1.1 enhancement was without merit in light of the uncontested evidence that a firearm was found in the van in which Clark and Barnes traveled to the site of the

---

[1] To the extent that this § 2255 petition challenges the underlying merits of the § 3B1.1 enhancement, it is an improper attack on our decision on direct appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989).

cocaine transaction. The requisite proximity between defendant and weapon for a § 2D1.1 enhancement is proved by a showing "'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993) (quoting United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993) (internal quotation and citation omitted)). Because this proximity was obviously met by the presence of the weapon in the van, counsel's decision not to object did not constitute objectively unreasonable performance.

During the sentencing proceedings, the government did not file, and trial counsel did not request, due to alleged ineffectiveness, a motion under 21 U.S.C. § 851 (a)(1). Section § 851(a)(1) requires, for drug convictions, that "[n]o person . . . shall be sentenced to increased punishment by reason of one or more prior convictions . . . unless the United States attorney files an information . . . stating in writing the previous convictions relied upon." In this case, however, Clark's sentence was not enhanced beyond the established statutory maximums and minimums, and invocation of § 851 is inapposite and provides no grounds for a claim of ineffective assistance of counsel. See United States v. Novey, 922 F.2d 624, 628-29 (10th Cir. 1991).

Likewise without merit is Clark's argument that counsel's failure to argue for an additional downward departure for acceptance of responsibility constituted

deficient performance.  As the district court noted, Clark received a two-level departure under U.S.S.G. § 3E1.1 and could be eligible for an additional one-level departure only by "timely providing complete information to the government concerning his own involvement in the offense" or "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently."  U.S.S.G. § 3E1.1(b)(1) & (2).  Because Clark obtained several continuances of his trial date prior to pleading guilty and providing information, thereby rendering the conditions of § 3E1.1(b) inapplicable, we agree with the district court that counsel did not convey ineffective assistance by failing to seek an additional downward departure thereunder.

We have already rejected Clark's argument that the forfeiture of certain currency seized from him after his arrest constituted double jeopardy, and need not address it further here.  See Clark, 84 F.3d at 382 (rejecting Clark's double jeopardy argument for failure to contest civil forfeiture proceeding); Orienta Park Second, 1997 WL 312140, at *1 (rejecting Clark's double jeopardy argument on the merits).

We conclude that Clark has not made a substantial showing of the denial of a constitutional right, and deny his request for a certificate of appealability.  This matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge