2. that the motion for imposition of sanctions is DENIED; and

3. that this Order will be stayed for ten (10) days to allow the parties an oppor-

tunity to appeal to the District Court Judge.

**Alice NELSON**

v.

**DIVERSIFIED COLLECTION SERVICES, INCORPORATED and United Student Aid Funds.**

**Civil Action No. CCB–96–831.**

United States District Court, D. Maryland.

April 15, 1997.

Edward Smith, Jr., Baltimore, MD, for Plaintiff.

Paul D. Krause, Tracy A. Cannon, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, Samuel D. Walker, Jonathan Mark Shaw, Wiley, Rein & Fielding, Washington, DC, for Defendants.

## *MEMORANDUM*

BLAKE, District Judge.

Plaintiff Alice Nelson has brought suit against defendants Diversified Collection Services, Incorporated ("DCS"), and United Student Aid Funds ("USAF") alleging that defendants' efforts to collect her student loan debts violated Maryland provisions for wage garnishment and violated her procedural and substantive due process rights guaranteed under the Constitution. Now pending is defendants, motion for summary judgment. A hearing is not deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, the motion for summary judgment will be granted.

## BACKGROUND

Ms. Nelson alleges that after her student loans became due in August 1994, defendants issued an "Order of Withholding" to her employer for $2,965.31 without filing the order with the court. In August 1995, defendants issued her employer another "Order of Withholding" for $3,167.22 without filing with the court. As a result of the orders, Ms. Nelson's wages were garnished and some money was forwarded to defendants. Counsel for Ms. Nelson was notified in November 1995 that the outstanding debt totaled $900.00. Ms. Nelson disputes the amount of debt owed.

DCS, who was employed by USAF to collect the student loan debt, submitted contemporaneous business records prepared in the ordinary course of business indicating that notice of pending garnishment was sent to 7240 Park Heights Avenue, Unit 209, Pikesville, Maryland 21208 on July 12, 1994. (Defendant's Motion for Summary Judgment, Declaration of Donald Taylor ¶ 8 and attachment.) This is the same address on file at DCS and used by Ms. Nelson when she filed the complaint in this case. (*See id.*) According to the same records, Ms. Nelson called DCS on August 22, 1994 to discuss the pending garnishment. (*Id.* at ¶ 9.) It is undisputed that DCS has never received a written request for a hearing. Ms. Nelson filed this suit in March 1996.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original)

Moreover, the Supreme Court has explained that the Rule 56(c) standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The Court has stated that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511; *see also Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S. 813, 814, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *Catawba Indian Tribe v. South Carolina,* 978 F.2d 1334, 1339 (4th Cir.1992), *cert. denied,* 507 U.S. 972, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that

there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir.1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw*, 13 F.3d at 798, but it also must abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). "[A] defendant ... should not be required to undergo the considerable expense of preparing for and participating in a trial" unless the plaintiff has produced evidence on which a jury might rely in support of the claims alleged. *E.F. Hutton Mortgage Corp. v. Equitable Bank. N.A.*, 678 F.Supp. 567, 573 (D.Md.1988).

Ms. Nelson filed a three count complaint and defendants move for summary judgment on all counts. In Count I Ms. Nelson alleges that defendants' garnishment violated Maryland wage garnishment statutes and Rule 3–646 which require that writs of garnishment be issued by the court and served on the debtor. In Counts II and III respectively, Ms. Nelson alleges that the garnishment also violated her procedural and substantive due process rights under the federal constitution. Defendants argue that the Maryland statutes do not apply to administrative garnishment pursuant to 20 U.S.C. § 1095a, and that their actions did not violate Ms. Nelson's due process rights.

## I. *Federal Garnishment Laws*

DCS and USAF garnished Ms. Nelson's wages pursuant to the Higher Education Act ("HEA"), 20 U.S.C. § 1095a, which provides that "a guaranty agency ... may garnish the disposable pay [1] of an individual to collect the amount owed by the individual ... " 20 U.S.C. § 1095a(a) (1996).

The statute sets forth certain notice requirements:

(2) the individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the guaranty agency or the Secretary, as appropriate, informing such individual of the nature and amount of the loan obligation to be collected, the intention of the guaranty agency or the Secretary, as appropriate, to initiate proceedings to collect the debt through deductions from pay, and an explanation of the rights of the individual under this section....

20 U.S.C. § 1095a(a)(2).

Both pre-deprivation and post-deprivation hearings are provided under the statute upon request of the debtor:

A hearing ... shall be provided prior to issuance of a garnishment order if the individual, on or before the 15th day following the mailing of the notice described in subsection (a)(2) of this section, and in accordance with such procedures as the Secretary or the head of the guaranty agency, as appropriate, may prescribe, files a petition requesting such a hearing. If the individual does not file a petition requesting a hearing prior to such date, the Secretary or the guaranty agency, as appropriate, shall provide the individual a hearing under subsection (a)(5) of this section upon request....

20 U.S.C. § 1095a(b).[2] Issuance of a garnishment order without a pre-deprivation hearing is expressly permitted if the debtor did not request such a hearing. *Id.* Ms. Nelson claims that defendants' garnishment pursuant to these provisions violated both her procedural and substantive due process rights.

---

1. The statute provides that "the amount deducted for any pay period may not exceed 10 percent of disposable pay, except that a greater percentage may be deducted with the written consent of the individual involved.... " 20 U.S.C. § 1095a(a)(1). "Disposable pay" is defined as "that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld." 20 U.S.C. § 1095a(d).

2. Issues that the debtor can raise at the hearing include "the existence or the amount of the debt, and, ... [if appropriate] the terms of the repayment schedule ... " 20 U.S.C. § 1095a(a)(5).

### A. Count II—Violation of Procedural Due Process.

In Count II Ms. Nelson alleges that § 1095a violates the due process clause on its face and "as applied" in this case.[3] Where a government actor seeks to take the property of a person, due process requires that the government provide notice and an opportunity to be heard. *Linton v. Frederick County Bd. of County Comm'rs,* 964 F.2d 1436, 1439 (4th Cir.1992). Notice and hearing requirements are reviewed in light of three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

In order to find that a statute is facially violative of a debtor's procedural due process rights the debtor has to show that the provisions were wholly inadequate to protect due process rights: "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987); *see also Jordan v. Jackson,* 15 F.3d 333, 343–44 (4th Cir.1994). A statute can violate procedural due process rights as applied if the notice and opportunity to be heard either were not provided to the plaintiff or their provision was inadequate.

### 1. Notice Provisions in the Statute.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice provisions under 20 U.S.C. § 1095a(a)(2) require creditors to send written notice to debtor's last known address thirty days before the garnishment and include certain information such as the amount due and "an explanation of the rights of the individual under this section," which includes the opportunity to be heard. 20 U.S.C. § 1095a(a)(2); *see* 20 U.S.C. § 1095a(a)-(b); 34 C.F.R. § 682.410(b)(10)(i)(B)-(L) (1996). The notice provisions in this statute are comparable to those in other statutes that have been found to provide constitutionally adequate procedural protection. *See Anderson v. White,* 888 F.2d 985, 992 (3d Cir.1989); *Games v. Cavazos,* 737 F.Supp. 1368, 1379 (D.Del. 1990). I conclude that the notice provided under 20 U.S.C. § 1095a is reasonably calculated to let debtors know of the proceedings pending against them and thereby satisfies the standard in *Mullane.* Ms. Nelson cannot prevail on her contention that the statute's notice provisions are facially violative of the due process requirements of the Fifth Amendment.

### 2. Application of Notice Provisions.

Ms. Nelson's as applied procedural due process arguments rest on the idea that she did not receive notice. The key to the analysis, however, is whether the notice was mailed, not whether it was received:

> When the government can reasonably ascertain the name and address of an interested party, due process requires the gov-

---

3. In her complaint Ms. Nelson claims that defendants' actions violate due process rights provided by the Fourteenth Amendment of the United States Constitution. The court agrees with the defendants that the Fifth Amendment of the Constitution is applicable in this case because the action at issue was taken by a federally autho-

rized agent. (*See* Defendant's Motion to Dismiss at 4–5, 20 n. 5). Because the defendants are amenable to ignoring the technical pleading violations, (*see id.*), the court will consider Ms. Nelson's arguments as if they state a violation of due process as guaranteed by the Fifth Amendment.

ernment to send "[n]otice by mail or other means as certain to ensure actual notice." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). But due process does not require that the interested party actually receive the notice. *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1316 (10th Cir.1994). "So long as the government 'acted reasonably in selecting means likely to inform [the] persons affected, ... then it has discharged its burden.' " *Id.* (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir.1988), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989)). *United States v. Clark*, 84 F.3d 378, 381 (10th Cir.1996). Receipt of the notice is not material to this inquiry. *See Gerrard v. United States Office of Educ.*, 656 F.Supp. 570, 575 (N.D.Cal.1987).

DCS has submitted an affidavit and business records produced in the ordinary course of business indicating that notice was mailed to Ms. Nelson's last known address, 7240 Park Heights Avenue, on July 12, 1994.[4] (*See* Defendants' Motion for Summary Judgment, Taylor Declaration attachment at 3.)[5] This address is the one maintained by DCS in its file and is the address used by Ms. Nelson when she filed this complaint. The court finds that the notice was reasonable and satisfied Ms. Nelson's due process rights. *See Virginia Lime Co. v. Craigsville Distrib. Co, Inc.*, 670 F.2d 1366, 1368–69 (4th Cir.1982) (finding that the notice satisfied *Mullane* where it was sent to "the address at which the parties regularly corresponded by mail, and the party reasonably could expect that process would reach the defendant at that address.") Ms. Nelson's assertion, without more, that DCS's records are not credible is insufficient to raise a genuine issue of material fact to

preclude summary judgment. *See Rivanna*, 840 F.2d at 240.

### 3. *Hearing Provisions in the Statute.*

Section 1095a provides that if the debtor requests a pre-deprivation or post-deprivation administrative hearing, one will be conducted, but allows the guarantor or its agents to issue a garnishment order without a pre-deprivation hearing. 20 U.S.C. 1095a(b). When a hearing is held, the final decision must be issued no later than 60 days after the request was filed. 20 U.S.C. § 1095a(b). Ms. Nelson argues that "some kind of hearing before final deprivation of a property interest," is necessary where a party has "a meaningful opportunity to present his case before a neutral decision-maker." (Plaintiff's Opposition at 1–2.) The court agrees, but finds that § 1095a makes such necessary provisions.

In order to determine if administrative hearing provisions are adequate, the Supreme Court considers three factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Mathews*, 424 U.S. at 335, 96 S.Ct. at 903.

The private interest affected by the application of wage garnishment under § 1095a is the debtor's right to the "uninterrupted receipt" of the full amount of the garnishment. *See id.* at 340, 96 S.Ct. at 905 (indicating that if money can be refunded at

---

**4.** Although receipt of the notice reasonably sent is not an issue under the due process analysis, there is a presumption of receipt when notice is mailed to the last known address. *See Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n. 6 (4th Cir.1984) (finding a strong presumption of receipt where notice is sent by certified mail). The presumption is supported in this case by the DCS business records indicating that Ms. Nelson called DCS on August 22, 1994 in order to discuss avoiding garnishment. (Defen-

dant's Motion for Summary Judgment, Taylor Declaration ¶ 9.) Ms. Nelson has not rebutted this presumption with persuasive evidence.

**5.** Both the business records and the affidavit of Mr. Taylor, Vice President of DCS, are admissible and can be considered for purposes of resolving this motion. *See* Fed.R.Civ.P. 56(e); Fed. R.Evid. 803(6).

a post-deprivation hearing the interest at stake is in an uninterrupted receipt of money). Because the garnishment taken cannot exceed 10 percent of the debtor's disposable pay without express written consent from the debtor, see 20 U.S.C. § 1095a(a)(1), the interest is in the uninterrupted receipt of not more than ten percent of Ms. Nelson's disposable income.

The need for ten percent of one's disposable income does not approach the public interest at stake in *Goldberg v. Kelly,* where people were denied welfare payments necessary for survival and the Supreme Court found that a full evidentiary pre-deprivation hearing was necessary. 397 U.S. 254, 264, 90 S.Ct. 1011, 1018–19, 25 L.Ed.2d 287 (1970). The need is also not as great as the plaintiff's need in *Mathews,* where the court upheld a statute that allowed termination of disability benefits without a full evidentiary pre-deprivation hearing. 424 U.S. at 342, 96 S.Ct. at 906; *see also McClelland,* 786 F.2d at 1216 (finding that pre-deprivation hearings were not necessary prior to intercepting and rerouting refund checks to children from parents who were delinquent in making child care payments). Accordingly, the debtor's interest affected by this statute does not warrant more than a pre-deprivation administrative hearing.

The second factor, risk of erroneous deprivation, is very low, because the statute provides for a pre-deprivation hearing upon request and because the garnishment only occurs when debtors fail to make agreed upon payments. 20 U.S.C. § 1095a(a). Additional or substitute safeguards would not have significant probative value given the low risk of erroneous deprivation.[6]

Finally, the Government has an interest in ensuring that educational loans are repaid. The requirement of conducting a full evidentiary hearing prior to the garnishment of every debtor's wages would place enormous financial and administrative burdens on the government and related agencies that is not justified by the interests and risks involved.

*See Mathews,* 424 U.S. at 348, 96 S.Ct. at 909.

Applying the *Mathews* factors in this case supports the conclusion that provision of an administrative pre-deprivation hearing before garnishing wages under § 1095a satisfies the procedural due process requirement of "some kind of hearing." The statute's hearing provision allows for a "meaningful opportunity" because the hearing is timely, provides for a decision within sixty days of the request for a hearing, provides access to records, and appoints a neutral person to preside. See 20 U.S.C. § 1095a(a)-(b); 34 C.F.R. 682.410(b)(10) (1996). The statute further provides for hearings after deprivation upon request. 20 U.S.C. § 1095a(b).

The fact that the statute only provides hearings upon request does not make the procedure insufficient. An opportunity to be heard is all the Constitution requires: "A fundamental requirement of due process is the opportunity to be heard.' *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363. It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965).

Moreover, a debtor's procedural due process rights are not necessarily offended if the pre-deprivation and post-deprivation hearings are not requested or held. In *McClelland v. Massinga* the Fourth Circuit found "that his right to a prompt hearing ... is assured by the requirement that, *if he requests an administrative hearing* the hearing must be held and concluded within 60 days after he has demanded an administrative hearing." 786 F.2d 1205, 1213 (4th Cir. 1986) (emphasis added). Because the statute in this case provides for both a pre-deprivation and post-deprivation administrative hearing upon request, the court finds that debtors have a meaningful opportunity to oppose the garnishment under the statute.

---

**6.** Ms. Nelson argues that she is not responsible for the debt because she made some payments and entered into an agreement with the school to repay the money. Still the risk of erroneous

deprivation is low given the debtor's opportunity to protest the taking before the garnishment is effective.

### 4. *Application of the Hearing Provisions.*

■ Ms. Nelson cannot claim that her due process rights were violated when she did not receive a hearing because she never requested such a hearing. She "slept" on her rights. In *Beckham v. Harris* the Fourth Circuit upheld a Horry County, South Carolina employee policy that provided a pre-termination hearing upon the timely request of the employee. 756 F.2d 1032 (4th Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 231 (1985). After Mr. Beckham, the terminated officer, failed to make a request for a hearing, the Fourth Circuit refused to find that his procedural due process rights were violated: "The police department is not required, either by constitutional or statutory mandate, to provide a hearing to one who sleeps on his rights." [7] *Id.* at 1038.

At least one other court has reached the same conclusion in connection with notice provided prior to interception of federal income tax refunds for payment of the outstanding student loan debt. In *Games v. Cavazos,* the court refused to consider the plaintiff's challenge to the statute's post-deprivation hearing provisions because the plaintiff had not requested such a hearing. 737 F.Supp. at 1381. This case is distinguishable from *Anderson v. White,* 888 F.2d 985, 995 (3rd Cir.1989), in which the court found a due process violation, because in *Anderson* the plaintiff requested a hearing, but one was not provided in a timely manner nor followed by a written decision. *Id.* Ms. Nelson's position is further undercut by USAF's proffer that if Ms. Nelson wants a hearing, and makes the request in writing as required by the statute, one will be provided. (Defendant's Reply at 4.) For all the above reasons, the court cannot find a procedural due process violation, facially or as applied, in this case. Defendants' motion for summary judgment on Count II will be granted.

### B. Count *III—Violation of Substantive Due Process.*

■ In Count III Ms. Nelson alleges that the application of the statute violates substantive due process rights of debtors. Because the HEA statute at issue in this case regulates an economic interest, it is subject to the least demanding test of constitutional scrutiny—whether the statute is rationally related to a legitimate governmental interest. *See Holland v. Keenan Trucking Co.,* 102 F.3d 736, 740 (4th Cir.1996). In applying this test the act of taking the garnishment in payment of an outstanding loan—not the procedure used to implement the act—is the focus of the inquiry. *See Amsden v. Moran,* 904 F.2d 748, 753 (1st Cir.1990); *cert. denied,* 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). "If a piece of economic legislation 'is supported by a legitimate legislative purpose furthered by a rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches.' *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 729, 104 S.Ct. 2709, 2717–18, 81 L.Ed.2d 601 (1984)." *Holland,* 102 F.3d at 740.

■ The likelihood of showing a substantive due process violation for an economic statute is very small. The Supreme Court has not relied on a substantive due process argument to invalidate an economic statute since 1935. *Id.* (citing *Railroad Retirement Bd. v. Alton R.R. Co.,* 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468 (1935)). Substantive due process protection is reserved for extreme government conduct that cannot be remedied by pre- or post-deprivation proceedings. *See Rucker v. Harford County, Maryland,* 946 F.2d 278, 281 (4th Cir.1991), *cert. denied,* 502 U.S. 1097, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992).

■ Ms. Nelson has not shown this court, nor can this court find, that garnishment is not directly and rationally related to collection of defaulted student loans. *See Sibley v. United States Dep't of Educ.,* 913 F.Supp. 1181, 1189 (N.D.Ill.1995) ("We conclude that the collection of funds owed to the federal government is a legitimate purpose, and that

---

**7.** The court notes that in contrast to *Beckham,* the statute at issue in this case provides greater protection in the form of both pre-deprivation and post-deprivation hearings at the request of the debtor.

salary offsets ... constitute a rational manner to effectuate the government purpose.") In fact, Ms. Nelson conceded that "there is a rational relationship between the government's goal of collecting fund[s] from student borrowers and 20 U.S.C. § 1095a." (Plaintiff's Objection to Motion to Dismiss at 4.) Accordingly, defendants' motion for summary judgment on Count III will be granted.[8]

## II. *Maryland Garnishment Laws.*

The Maryland wage garnishment statutes at issue in this case can be found in the Commercial Law II Article at §§ 15–601 through 15–606 ("Maryland wage garnishment statutes"). Md.Code Ann., Com. Law II §§ 15–601 through 15–606. Maryland Rule 3–646 applies to the garnishment of wages under these statutes.

Ms. Nelson claims in Count I that defendants failed to comply with the writ and service requirements set forth in Rule 3–646 in violation of the Maryland wage garnishment statutes.[9] Defendants do not argue that these requirements were met, but maintain that (1) the provisions do not apply to administrative wage garnishments, (2) do not create a private right of action, and (3) are preempted by federal law regarding wage garnishment.

 The court does not have to reach defendants' first two arguments concerning provisions of Maryland law because the court agrees with defendants that the federal statute expressly preempts state law. *See Gade v. National Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98, 112 S.Ct. 2374, 2383, 120 L.Ed.2d 73 (1992) (finding that preemption can be either express or implied). The statute clearly states that "[n]otwithstanding any provision of State law, a guaranty agency ... may garnish the disposable pay of an individual to collect the amount owed by the individ-

ual ... ", 20 U.S.C. § 1095a(a). Other cases construing similar language have found express preemption of state law. *See Ford Motor Co. v. Insurance of Pennsylvania,* 874 F.2d 926, 937 (3d Cir.) ("Notwithstanding any provision of the laws or constitution .... "), *cert. denied sub nom., United Serv. Auto. Ass'n v. Foster,* 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 382 (1989); *United States v. District of Columbia,* 571 F.2d 651, 657–58 (D.C.Cir.1977) ("[N]otwithstanding any other provision of law to the contrary ... ").

The legislative history further supports this preemption and shows that Congress intended to provide for garnishment "regardless of particular state law requirements." 137 Cong. Rec. § 7369 (daily ed. June 6, 1991) (statement of Sen. Pell). In light of this finding of express preemption, the court will not address defendants' conflict and field preemption arguments.

The court finds that the defendants' actions are governed by 20 U.S.C. § 1095a which preempts state law and provides for administrative garnishment of wages for failure to repay federally guaranteed student loans. Accordingly, defendants' motion for summary judgment on Count I will be granted.

## III. *Miscellaneous.*

Ms. Nelson raises two other issues in her pleadings. First, her contention that the defendants' collection of debts pursuant to § 1095a is not in compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* will not be addressed because it was not alleged in the complaint. Ms. Nelson raises this argument for the first time in her Opposition pleading, and has not shown it to be relevant to the determination of any claim in the complaint. *Cf. Games,* 737 F.Supp. at 1369 (addressing the issue

8. Defendants' footnote request for sanctions against Ms. Nelson for raising a substantive due process argument will be denied in light of the other non-frivolous constitutional concerns raised in this case.

9. Count I refers to the defendants' failure to give the employer a court issued writ of garnishment and the failure to have the writ served on the

debtor as required under Rule 3–646. Section 15–605 of the Commercial Law Article refers to the duties of a judgment creditor and provides that if the "obligations imposed by this section" are not complied with the attachment can be set aside. Md.Code Ann., Comm. Law II § 15–605. For purposes of this motion the court will assume that violations of Rule 3–646 are violations of the Maryland wage statutes.

where the case involved the consolidation of two separate complaints, one for procedural due process violations and another for violation of the Fair Debt Collection Practices Act).

Second, Ms. Nelson pleads that she needs more time to discover records in defendants' control and to explore the assertion of the attorney-client privilege. Ms. Nelson's request will be denied because she has not satisfied the court that additional time for discovery is likely to lead to any evidence that would affect the legal conclusions upon which this ruling is based.

A separate order follows.[10]

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. defendants' Motion for Summary Judgment is **GRANTED;**

2. defendants' Request for Sanctions is **DENIED;**

3. defendants' Motion for Clarification is **DENIED** as moot;

4. plaintiff's Motion to Certify a class is **DENIED** as moot;

5. United States of America's Motion to Intervene is **DENIED** as moot;

6. copies of this Order and the accompanying Memorandum shall be mailed to counsel of record and counsel for the United States; and

7. the clerk of the court shall **CLOSE** this case.

---

10. Given the court's rulings it is not necessary to consider whether defendants enjoyed qualified immunity in this case.