# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1910

_____

Phyllis J. Stewart,                                      *
                                                         *
          Appellant,                    *
                                                         *    Appeal from the United States
     v.                                     *    District Court for the
                                                         *    Eastern District of Missouri.
Department of Education,                                 *
                                                         *         [UNPUBLISHED]
          Appellee.                     *

_____

Submitted: August 30, 2001
Filed: September 11, 2001

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Phyllis J. Stewart appeals the District Court's order granting the Department of Education (DOE) summary judgment against Stewart's action brought under the Higher Education Act (HEA), 20 U.S.C. §§ 1101-1155 (1994 & Supp. IV 1998), and the Due Process Clause of the Fifth Amendment. Having reviewed the record de novo, we conclude that Stewart failed to raise a genuine issue of material fact with respect to the DOE's evidence that it mailed her a notice of its impending garnishment and thereby satisfied the notice requirements of both the HEA and of the Due Process Clause. See 20 U.S.C. § 1095a(a)(2) (1994) (requiring notice of impending garnishment to be sent by mail to debtor's last known address); see also Nelson v. Divers. Collection Servs.,

Inc., 961 F. Supp. 863, 868-69 (D. Md. 1997) (holding that due process requirements are fulfilled by § 1095a(a)(2) itself and by notice mailed in compliance with the section, even if not received); cf. Anderson v. White, 888 F.2d 985, 991-93 (3d Cir. 1989) (concluding that a statutory notice provision functionally equivalent to § 1095(a)(2) satisfied due process standards).

We further conclude, however, that the DOE did not satisfy its burden of demonstrating that it was entitled to summary judgment on Stewart's claim that the DOE denied her a post-garnishment hearing. Stewart requested a hearing in a letter to the DOE dated December 30, 1999, but it appears from the record presented that she has yet to receive one. See, e.g., Appellee's Br. at 18 (conceding that Stewart "is still entitled to a hearing"). We therefore instruct the District Court to determine whether the DOE has given Stewart a constitutionally adequate hearing and, if it has not, to direct the DOE to schedule one as soon as possible.

Accordingly, we affirm in part and remand in part.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.