**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 5/21/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TYRONE MAURICE CLARK,

        Defendant-Appellant.

No. 96-6004

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 94-CR-116-L)

---

Submitted on the briefs:

Tyrone Maurice Clark, pro se, El Reno, Oklahoma.

Patrick M. Ryan, United States Attorney, Mary M. Smith, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

**MURPHY,** Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This case therefore is ordered submitted without oral argument.

Tyrone Maurice Clark appeals *pro se* from the Order of the district court denying his motion pursuant to Fed. R. Crim. P. 41 (e) for the return of property. Clark claims that the method of service employed by the Federal Bureau of Investigation ("the FBI") in the administrative forfeiture proceeding was constitutionally deficient. We affirm.

On June 21, 1994, Appellant Clark was arrested after negotiating the quantity, price, and delivery of six kilograms of cocaine with an undercover FBI agent. After his arrest, the FBI seized $101,760.00 in U.S. currency from Clark and his associate. A six-count indictment was returned against Clark in the United States District Court for the Western District of Oklahoma on August 3, 1994. On November 9, 1994, Clark pleaded guilty to count one, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and the government subsequently dismissed the remaining five counts. Clark was sentenced on January 17, 1995, to 180 months of imprisonment and five years of supervised release.

In connection with the seizure of the currency, the FBI commenced an administrative forfeiture proceeding. Notice apprising Clark of the forfeiture proceeding and his right to contest it was accomplished by several means. On July 19, 1994, the FBI sent notice by certified mail to Clark at the Oklahoma County Jail where he was being held prior to his indictment. It also sent notice the next day to a Wichita, Kansas, address

recorded for Clark at the time of his arrest. The return receipt for the County Jail notice was signed on July 25, 1994. The second return receipt, sent to the Wichita address, was signed by Dorothy Barnes, who appears to be Clark's mother-in-law, on July 25, 1994. The FBI also served notice by publication in The New York Times on August 7, 14, and 21, 1994. As no claim was made to contest the administrative forfeiture, a Declaration of Forfeiture was issued as to the seized currency on October 12, 1994.

Almost two months after he was sentenced, Clark filed his Rule 41 (e) motion for the return of the $101,760.00 in currency seized from him at the time of his arrest. The district court entered its Order denying Clark's motion on December 12, 1994. It held that the currency had been administratively forfeited by the FBI and that the evidence showed Clark had been served with notice in a constitutionally adequate manner. This appeal followed.

On appeal, Clark asserts that the methods of service employed by the FBI were constitutionally defective so as to constitute a denial of due process. He concedes that he was incarcerated at the Oklahoma County Jail from the time of his arrest until his sentencing. But he contends that he did not receive the certified mailing of notice sent by the FBI to that facility. Clark claims that he should have been served in person at the jail. Furthermore, Clark maintains that the two additional forms of service were otherwise defective. In the alternative, Clark argues that the seizure and forfeiture constituted jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment.

In order to properly effect a forfeiture, the government is required to give notice to all persons who have or claim an interest in real property being administratively forfeited. *See* 19 U.S.C. § 1607; 21 C.F.R. § 1316.75. If no claim and bond are received by the forfeiting agency within the prescribed time limits, a declaration of forfeiture must be issued. *See* 19 U.S.C. § 1609; 21 C.F.R. § 1316.77 (b).

Notice is designed "to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978). Due process thus requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

When the government can reasonably ascertain the name and address of an interested party, due process requires the government to send "[n]otice by mail or other means as certain to ensure actual notice." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983). But due process does not require that the interested party actually receive the notice. *United States v. 51 Pieces of Real Property,* 17 F.3d 1306, 1316 (10th Cir. 1994). "So long as the government 'acted reasonably in selecting means likely to inform [the] persons affected, . . . then it has discharged its burden.'" *Id.* (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989)).

Due process issues, which call for legal conclusions, are subject to *de novo* review. *See Facet Enters. v. NLRB*, 907 F.2d 963, 970 (10th Cir. 1990). But the question of whether the FBI employed means that were reasonably calculated to provide Clark actual notice is a question of fact, which we review for clear error. *See 51 Pieces of Real Property*, 17 F.3d at 1316.

Federal district courts have jurisdiction to review whether an administrative forfeiture satisfied due process and statutory requirements. *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993). Due process attacks on forfeiture proceedings may be pursued in a civil action under 28 U.S.C. § 1331. *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995). But the fact that Clark brought his motion in the district court under Rule 41 (e) does not defeat the district court's jurisdiction to hear a due process challenge. *Giraldo*, 45 F.3d at 511. "Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41 (e) motion as a civil complaint." *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992); *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). As a result, we construe Clark's Rule 41 (e) motion liberally, as seeking to invoke the proper remedy.

Although the district court did not make a specific finding that the means employed by the FBI to give Clark notice were reasonable, we can infer such a finding from the district court's ultimate holding that the notice to Clark was constitutionally adequate. *See 51 Pieces of Real Property*, 17 F.3d at 1316. When the government is

5

aware that an interested party is incarcerated, due process requires the government to make an attempt to serve him with notice in prison. *United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1163-64 (3d Cir. 1995), *petition for cert. filed*, 64 U.S.L.W. 3669 (U.S. Mar. 28, 1996) (No. 95-1575); *Giraldo*, 45 F.3d at 511; *Woodall*, 12 F.3d at 794. The FBI mailed notice to Clark at the facility where he was incarcerated at the time. Clark admits that he was incarcerated at the Oklahoma County Jail when the FBI sent notice to him there. This means of service, by return-receipt, certified mail, was reasonably calculated to apprise Clark of the forfeiture action. We cannot say that the district court's finding to this effect was clearly erroneous.

As the Supreme Court has indicated, service by mail is a constitutionally acceptable means to provide actual notice. *See Mennonite Bd. of Missions*, 462 U.S. at 800. Sending the certified mail notice to Clark at the Oklahoma County Jail thus satisfied due process requirements and, for that reason, we do not consider the adequacy of the FBI's additional methods of service. That Clark may not have received the certified mail notice does not negate the constitutional adequacy of the FBI's attempt to accomplish actual notice. Absent extraordinary circumstances, the FBI was not required to effect notice through every means calculated to provide actual notice. *See 51 Pieces of Real Property*, 17 F.3d at 1318. Clark's assertions that "[e]veryone is served in person in jail" and that the FBI should know that "most of the time [a certified letter is] never received by the person [who] is incarcerated," notwithstanding, Clark has not shown the sort of

6

exceptional circumstances that would have required the FBI to employ a means other than certified mail.  We have found no case suggesting that service by mail is inadequate or requiring the government to personally serve an interested party at the place of incarceration.  We decline to create such a requirement here.

Because he failed to file a claim and cost bond that would have halted the process, Clark did not contest the administrative forfeiture proceeding.  *See* 19 U.S.C. § 1608; 21 C.F.R. § 1316.76.  As a result, he has lost his opportunity to litigate the forfeiture.  *See United States v. Castro*, 78 F.3d 453, 456 (9th Cir. 1996); *Mayfield v. City of Virginia Beach*, 780 F. Supp. 1082, 1085 (E.D. Va. 1992).

Clark has similarly lost his opportunity to litigate his jeopardy claim.  Clark asks this court to consider whether the "seizure constituted jeopardy."  But the administrative forfeiture became complete prior to Clark's guilty plea and sentencing.  Because of his failure to appear in response to the FBI's constitutionally adequate notice and his resulting failure to contest the administrative forfeiture proceeding, Clark was not even placed in jeopardy until his sentencing.  He thereby was necessarily not twice placed in jeopardy by the forfeiture.

Because Clark appeals *pro se*, we are obliged to read his pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Therefore, we construe his claim alternatively as an effort to raise the issue of double jeopardy concerning his subsequent

guilty plea. Even with this construction of Clark's argument, however, his double jeopardy argument also fails.

This court has recently held that where an interested party fails to contest the original, civil forfeiture proceeding, that party cannot raise a double jeopardy argument subsequent to sentencing for a related criminal offense. *See United States v. German*, 76 F.3d 315, 319-20 (10th Cir. 1996). The reasoning behind *German* is that because of the failure to contest the administrative forfeiture, the would-be claimant was not a party to the forfeiture proceeding, not at risk of a determination of guilt, and thus was never in jeopardy. *Id.* at 319. A party who was never in jeopardy can never be in double jeopardy. *Id.*

By failing to file a claim in the forfeiture proceeding, Clark has missed his opportunity to litigate the question of his interest in the seized currency. His later Rule 41 (e) motion does not suffice as a contest to the forfeiture and does not place him back in a position of jeopardy.

For the foregoing reasons, the Order of the district court denying Clark's Rule 41 (e) motion for the return of property is AFFIRMED.