**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANNY LYNN MCGHEE,

    Defendant - Appellant.

No. 97-7023

(D.C. No. CR-96-55)

(E. D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Pursuant to 18 U.S.C. § 3742, Defendant, Mr. Danny Lynn McGhee, appeals his criminal conviction and sentence for two counts of using a communication facility to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

facilitate drug distribution. Defendant raises objections to the presentence report for the first time on appeal. Defendant waives his right to challenge the report on appeal by failing to object to it at the trial court level unless the court's reliance on the report amounts to plain error. See United States v. Ivy, 83 F.3d 1266, 1297 (10th Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 253 (1996). We conclude that there was no plain error. See id.; see also Johnson v. United States, 117 S. Ct. 1544 (1997). Defendant presents two additional contentions: (1) he was punished twice for the same crime, and (2) a civil forfeiture action was a double jeopardy bar to his criminal conviction.

Defendant's sentence and conviction resulted from a plea agreement voluntarily entered into by Defendant. Because the district court imposed the sentence agreed upon by the parties, and the sentence was not imposed in violation of law or as a result of incorrect application of the sentencing guidelines, Defendant cannot now complain that his two-count conviction for using a communication facility to facilitate drug distribution amounted to double punishment for the same crime. See United States v. Denogean, 79 F.3d 1010, 1013-14 (10th Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 154 (1996). Moreover, the record indicates that the drug transactions took place on two separate dates with two separate phone calls. This warrants the two-count indictment and refutes any suggestion that Defendant was punished twice for the same crime. Finally, the civil forfeiture action could not constitute a double jeopardy bar because "civil forfeiture proceedings do not constitute punishment under the Double Jeopardy Clause." United States v. Contreras, 108 F.3d 1255, 1262 (10th

Cir.), cert. denied, ___ U.S. ___, 118 S. Ct. 116 (1997); see United States v. Ursery, ___ U.S. ___, ___, 116 S. Ct. 2135, 2141-42, 2149 (1996).

Counsel's request to withdraw as counsel for Defendant is granted. Defendant's conviction and sentence are AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge