Charles T. ALLEN

v.

**UNITED STATES of America.**

No. K–97–0064.

United States District Court,
D. Maryland.

March 17, 1999.

Lynne A. Battaglia, U.S. Atty., John F. Purcell, Jr., Asst. U.S. Atty., Baltimore, MD, for plaintiff.

Charles Thomas Allen, pro se.

*MEMORANDUM*

MALETZ, Senior District Judge.[1]

Charles Allen has filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e). Allen

---

1. Of the United States Court of International Trade, sitting by designation.

contends that he was not given proper notice of the government's intent to forfeit $39,001 of his money and requests that the property be returned to him. The motion is denied for the following reasons.

Allen, filing pro se, has inadvertently filed his motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[2] In fact, the motion alleges a Fifth Amendment due process violation and will be treated as such. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (pro se claimant's case should not be dismissed for mislabeling pleading), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Accordingly, the district court possesses jurisdiction to review the alleged due process violation.

## I.

Allen was arrested on February 12, 1997 in connection with a controlled delivery of approximately 400 grams of heroin to him by two cooperating witnesses. After his arrest, property was seized from his residence pursuant to a search warrant, which included, among other things, $39,001 in United States currency. On May 21, 1997, Allen plead guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced to 71 months imprisonment on July 16, 1997. On May 14, 1997 the $39,001 was administratively forfeited. Allen now claims that the forfeiture violated due process because he never received actual notice of the forfeiture, and requests that the monies be returned to him.

## II.

The record reflects that the government sent three notices informing Allen that his property had been seized and was to be forfeited unless he took steps to contest the forfeiture. The first notice was sent certified mail to 10848 Sherwood Hills Road, Owings Mills, Allen's residence, and

was returned to sender unclaimed. The second was sent certified mail to Allen's attorney's office at 10 E. Mulberry Street and was received, as indicated by the return receipt, by Fern Spence. The third notice was sent certified mail to the Baltimore City Jail at 401 East Eager Street. According to Allen, this notice was received and signed for by a Ms. Dunsen on March 24, 1997, however, the petitioner maintains that the notice was never received by him because he was housed at the Baltimore Central Booking and Intake Center at 500 East Madison Street.

█ The law requires that notice be "[R]easonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The *Mullane* court went on to say, "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *See id.* at 315, 70 S.Ct. 652. The government, in its response, provided a copy of Allen's Individual Custody and Detention Report from the United States Marshal Service which reflects that Allen was being held at the Baltimore City Detention Center at the time the notice was mailed.

█ Against this background, the court finds that the government's efforts to notify Allen were "such as one desirous of actually informing the absentee." The government sent three notices—two of which were received and signed for—one by Allen's attorney and one by the prison personnel at the prison which Allen was reportedly housed. The fact that Allen did not actually receive the notice is of little consequence in determining the adequacy of notice according to *United States v. Clark*, 84 F.3d 378 (10th Cir.1996). In

---

**2.** Rule 41(e) is not applicable to civil forfeiture actions. *See United States v. Castro*, 883

F.2d 1018, 1020 (11th Cir.1989).

*Clark,* the government sent notice of forfeiture to a prisoner, but the prisoner never received the notice. *Id.* The court held that the notice was sufficient and stated, "That Clark may not have received the certified mail notice does not negate the constitutional adequacy of the FBI's attempt to accomplish actual notice." *See id.* at 381. Finally, the *Clark* court states, "When the government is aware that an interested party is incarcerated, due process requires the government to make an attempt to serve him with notice in prison." *See id.* This court believes that attempt was made. Short of personally serving Allen with notice, the government could do no more to insure that notice was received.

Allen relies on *Weng v. United States,* 137 F.3d 709 (2nd Cir.1998), in which the Second Circuit held that due process requires that the interested party actually receive notice. Without deciding whether or not Allen had actual notice of the forfeiture proceeding, this court finds *Weng* to be an anomaly among the circuits, *See United States v. 51 Pieces of Real Property,* 17 F.3d 1306, 1316 (10th Cir.1994) (due process does not require that the interested party receive actual notice); *United States v. Real Property,* 135 F.3d 1312, 1316 (9th Cir.1998) (rejected claim that due process requires actual notice); and *Nelson v. Diversified Collection Services, Inc.,* 961 F.Supp. 863, 869 (D.Md.1997) (due process does not require actual notice), and as such the court will not place upon the government the task of insuring that forfeiture notices are actually received by the intended party.

Given these considerations this court finds that notice was adequate and petitioner's failure to contest the forfeiture proceeding in a timely manner bars him from litigating that issue now.

For the foregoing reasons, the motion is denied.