**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ONE PARCEL PROPERTY
LOCATED AT LOTS 55, 57 AND 59,
BLOCK 10, ORIENTA PARK
SECOND ADDITION TO THE CITY
OF WICHITA, SEDGWICK
COUNTY, KANSAS, AKA 2827
WEST MAXWELL, WICHITA,
SEDGWICK COUNTY, KANSAS,
WITH ALL APPURTENANCES,
AND IMPROVEMENTS THEREON,

      Defendant,

TYRONE MAURICE CLARK,

      Claimant - Appellant.

  and

MARGARET M. CLARK,

      Claimant.

No. 99-3282
(D.C. No. 95-CV-1246-MLB)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

---

    [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and

(continued...)

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Appellant Tyrone Maurice Clark, appearing pro se, challenges the district court's final decree of forfeiture against defendant property. This is at least Clark's fifth appeal to this court arising out of his drug conviction and the associated seizure of his assets. See United States v. Clark, No. 99-6087, 1999 WL 979243 (10th Cir. Oct. 28, 1999); United States v. Orienta Park Second, No. 96-3228, 1997 WL 312140 (10th Cir. June 10, 1997); United States v. Clark, 84 F.3d 378 (10th Cir. 1996); United States v. Clark, No. 95-6051, 1995 WL 445705 (10th Cir. July 28, 1995).

Following Clark's conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, see Clark, 84 F.3d at 378, the government filed a verified complaint seeking forfeiture of the defendant property. The district court found probable cause for seizure and forfeiture of defendant property pursuant to 21 U.S.C. § 881(a). [1] In response, only Clark and

[*](...continued)
judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The question of whether the forfeiture was pursuant to paragraph (6) or
(continued...)

his mother, Margaret Clark, asserted claims to the property, and the court entered partial default judgment extinguishing all interests of any other persons. Following an evidentiary hearing on Margaret Clark's claim of innocent ownership, the court found "complete failure to offer evidence of innocent ownership," (R. Doc. 86 at 5,) and dismissed Margaret Clark's claim because of the lack of standing ensuing from her failure to offer evidence of a legitimate interest in the property. One week later, the court found "that Tyrone Clark has failed to assert any cognizable interest in the defendant real property and therefore has no standing in this action," and entered a final decree of forfeiture. (R. Doc. 88 at 2.)

The complaint in this case and its supporting affidavits alleged, in relevant part, that Clark "fronted" the purchase of defendant property with large sums of cash, (R. Doc. 1 Ex. B at 1,) during a period when he and his wife had insufficient legal income to explain his possession of such sums of cash. It is also relevant that Clark was convicted of conspiracy to possess with intent to distribute cocaine and subjected to seizure of approximately $100,000 in currency. See Clark, 84 F.3d at 378. To rebut the evidence of probable cause in the instant case, Clark presented the argument that his mother had received the

---

[1](...continued)
paragraph (7) of 21 U.S.C. § 881(a) is discussed at length below.

home as a gift from her children.  The evidence presented in support of this claim was Margaret Clark's testimony at an August 2, 1999, hearing, which the district court found lacked credibility and characterized as a "complete failure to offer evidence of innocent ownership," (R. Doc. 86 at 5,) and therefore rejected as a basis for standing to challenge the forfeiture.

Clark previously challenged the instant forfeiture action on double jeopardy grounds.  Pursuant to  Abney v. United States  , 431 U.S. 651, 660 (1977), we considered his appeal of the district court's denial of his motion to dismiss prior to the completion of the forfeiture proceedings, and affirmed that denial pursuant to  United States v. Ursery  , 518 U.S. 267, 277-79 (1996).  See Orienta Park Second , 1997 WL 312140 at **1.  To the extent that Clark re-urges his double jeopardy arguments in this appeal, they are barred not only by  Ursery  but also by the doctrine of law of the case.  See McIlravy v. Kerr-McGee Coal Corp.  , 204 F.3d 1031, 1034-35 (10th Cir. 2000).  Insofar as Clark's brief can be read as urging exceptions to this doctrine based either on a theory of intervening change in the law or on a theory the result was "clearly erroneous and would work a manifest injustice,"  id. at 1035 (quoting  United States v. Alvarez  , 142 F.3d 1243, 1247 (10th Cir.),  cert. denied , 525 U.S. 905 (1998)), such arguments are frivolous.  Clark relies on  United States v. Rhodes  , 62 F.3d 1449, 1451-52 (D.C. Cir. 1995),  vacated sub nom  Rhodes v. United States  , 577 U.S. 1164 (1996),

which was decided prior to both Ursery and Clark's initial appeal in this case, and we cannot see how compliance with the clear instructions of the Supreme Court can represent clear error. Clark's arguments that application of Ursery represented a violation of the Ex Post Facto Clause are likewise entirely without merit. Additionally, we note that the Ursery Court, 518 U.S. at 281-82, expressly declined to extend the holding of Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 (1994), relied on by Clark, into the context of civil forfeitures.

Clark presents an ostensibly jurisdictional argument: Because he was convicted for a drug offense in the Western District of Oklahoma, jurisdiction is improper in the District of Kansas for this forfeiture action. This argument wholly overlooks 28 U.S.C. § 1355(a), which provides that "[t]he district courts shall have original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture, pecuniary or otherwise, incurred under any Act of Congress." That statute clearly establishes subject matter jurisdiction in the district court for an in rem proceeding pursuant to 21 U.S.C. § 881. Moreover, insofar as Clark's argument may be construed as alleging improper venue, and even assuming arguendo that the "acts or omissions giving rise to the forfeiture," 28 U.S.C. § 1355(b)(1)(A), occurred in Oklahoma, Clark's position overlooks 28 U.S.C. § 1355(b)(1)(B), which explicitly provides that a forfeiture

action may be brought in "any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title . . . ." Reference to that section ends the inquiry: "A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b). The District of Kansas is plainly such a district with respect to defendant property.

It is apparent that Clark's arguments revolve in significant part around the assertion that because the government's complaint (and district court's order) cited 21 U.S.C. § 881(a)(7), which covers property used to commit or facilitate certain drug offenses, jurisdiction and probable cause were improper due to the fact that the drug offenses in question were committed, and Clark was convicted, in Oklahoma rather than Kansas. [2]

---

[2] 21 U.S.C. § 881(a)(7) provides that the following property shall be subject to forfeiture:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

While the complaint did cite 21 U.S.C. § 881(a)(7), in the same paragraph it specified that the government was proceeding against the property as "proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act." (R. Doc. 1 at 1.) [3] Therefore, the error in citing paragraph (a)(7) rather than paragraph (a)(6) is patently harmless. The complaint gave plain notice that the government was proceeding under a "proceeds" theory, and the May 13, 1995, order finding probable cause for seizure and forfeiture specifically found the defendant property "constitutes proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act." ( II Supp. R. Doc. 2 at 1.) This language in the order makes abundantly clear that the erroneous citation of paragraph (a)(7) is harmless beyond a reasonable doubt.

---

[3] 21 U.S.C. § 881(a)(6) provides for the forfeiture of the following property:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange , and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of the owner.

21 U.S.C. § 881(a)(6) (emphasis added).

Clark also challenges the district court's findings of probable cause for forfeiture. In United States v. $149,442.43 in United States Currency, 965 F.2d 868, 876 (10th Cir. 1992), we enunciated our standard for reviewing findings of probable cause for forfeiture:

> In determining whether the district court properly found the defendant property subject to forfeiture, the reviewing court must affirm findings of fact, unless they are clearly erroneous. United States v. One Beechcraft Baron, No. N242BS, 788 F.2d 384, 388 (6th Cir. 1986); United States v. One Twin Engine Beech Airplane, 533 F.2d 1106, 1107 (9th Cir. 1976). Similarly, factual inferences derived from basic facts must be accepted unless clearly erroneous. One Twin Engine Beech Airplane, 533 F.2d at 1107-08. However, whether the facts produced at a forfeiture proceeding constitute probable cause is a question of law which must be reviewed de novo by this court. United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327, 330 (5th Cir. 1990).

In $149,422.43, we affirmed the forfeiture of a pickup truck under 21 U.S.C. § 881(a)(6) despite the absence of evidence tying its purchase to a specific drug transaction: "Although the government did not tie the vehicle to a specific drug transaction, both vehicles were purchased with cash during years when the district court found that claimants had failed to demonstrate legitimate alternative sources of income large enough to account for their cash expenditures." Id. at 878 (citing One 1987 Mercedes 560 SEL, 919 F.2d at 331; United States v. Parcels of Land, 903 F.2d 36, 38 (1st Cir. 1990); United States v. Edwards, 885 F.2d 377, 390 (7th Cir. 1989)). Review of the record reveals that the evidence in this case supports a theory analogous to justifying forfeiture

in $149,422.43 .[4]  The district court's factual findings are amply supported by the record and quite obviously amount to facts constituting probable cause under $149,422.43 , 965 F.2d at 878.  Nor did the district court commit clear error in finding that Margaret Clark had demonstrated no ownership interest in the property and therefore had no standing to assert an innocent ownership claim.  See id. at 876. [5]

Additionally, Clark asserts that the forfeiture violates the plea agreement in his criminal case.  Clark, however, fails utterly to offer any evidence that his plea agreement contained any provision prohibiting the government from proceeding against Orienta Park Second.  In that regard, his plea agreement provides only

---

[4]  Insofar as Clark challenges the evidence on the grounds that statements by Yolanda Rogers were coerced—a claim we review only for "the most manifest error" because it was not raised below,     Hicks v. Gates Rubber Co.   , 925 F.2d 966, 968 (10th Cir. 1991) (citing    Gundy v. United States   , 728 F.2d 484, 488 (10th Cir. 1984))—he offers no credible evidence in support of his claim of coercion, and we reject it.

[5]  The government argues additionally that because Clark has failed to challenge the district court's conclusion that he lacked standing to challenge the forfeiture, he has conceded that point and therefore lacks standing to contest the court's finding of probable cause.  Because the question of standing, however, is intimately intertwined with factual questions related to the probable cause determination—the nature of the true ownership interests in defendant property—we construe liberally Clark's pro se pleadings to encompass a challenge to the standing ruling in his arguments regarding probable cause.  We further note that "standing" in this context does not refer to an Article III jurisdictional requirement, but rather to substantive questions pertaining to the nature of property interests.  These are questions which, unlike threshold questions of constitutional standing, do not require resolution prior to the resolution of other issues.

that "the United States Attorney for the Western District of Oklahoma will not prosecute defendant, **TYRONE MAURICE CLARK**, for any other violations of federal law of a drug-related nature stemming from his activities in the Western District of Oklahoma, except for perjury or perjury-related offenses." (R. Doc. 39 Ex. 2 at 2.) This provision plainly applies to "the United States Attorney for the Western District of Oklahoma," not to the prosecuting authority in this case, the United States Attorney for the District of Kansas; there is no evidence the latter is party to the agreement. Moreover, the provision barring further prosecutions of appellant Clark cannot be reasonably interpreted to encompass civil forfeiture proceedings against defendant property, which are well-recognized as in rem civil proceedings rather than additional criminal penalties against a criminal defendant. See Ursery, 518 U.S. at 277-78, 287-88 (discussing civil forfeitures in the Double Jeopardy context).

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge