# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3834

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Joanne Warner, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 5, 2002
Filed: April 9, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Joanne Warner appeals the District Court's[1] adverse grant of summary judgment in this action brought by the United States to recover on Warner's delinquent student loans. For reversal, she argues that her due process rights were violated, and that the District Court abused its discretion in granting summary judgment because the court knew before the hearing, which she did not attend, that she did not actually receive the United States' summary judgment pleadings and supporting documents. We review de novo the due process issues calling for legal

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

conclusions, see Shelton v. Consumer Prods. Safety Comm'n, 277 F.3d 998, 1007 (8th Cir. 2002), and for clear error the factual question whether the United States employed means that were reasonably calculated to provide Warner with actual notice, see Fed. R. Civ. P. 52(a); cf. United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996) (reviewing service method FBI used to notify of administrative forfeiture proceeding).

The United States complied with the requirements for serving a summary judgment motion. See Fed. R. Civ. P. 5(a), (b)(2)(B) (stating that acceptable method of service is to mail copy to last known address of person served and that such service is complete upon mailing). The United States' reliance on that method of service in the circumstances of this case satisfied due process. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950). Warner had used the address to which the summary judgment documents were sent as her return address in a document she sent to opposing counsel, she did not provide the court or the United States with any other address, and the United States had no reason to believe that anyone in her home was preventing Warner from receiving all correspondence mailed to her. Contrary to Warner's contention, the United States was not required to use certified mail or to contact her personally to verify that she in fact had received the documents. See Dusenbery v. United States, 122 S. Ct. 694, 700-01 & n.5 (2002) (explaining that due process does not require actual notice).

Further, the District Court did not abuse its discretion by holding the summary judgment hearing or by ruling on the motion after considering the defenses Warner had raised in her answer to the complaint. Warner did not request a continuance, see Crowell v. Campbell Soup Co., 264 F.3d 756, 760-61 (8th Cir. 2001) (finding no abuse of discretion in district court's having ruled on summary judgment motion in absence of request for additional discovery or a continuance), and although Warner seeks a remand so she can respond to the summary judgment motion at another

hearing, she does not indicate how she could create a genuine issue of material fact concerning her liability on the student loans.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.