Patrick K. FREEMAN, individually and on behalf of all other persons similarly situated, Plaintiff–Appellant,

v.

Jon BROCK, individually and in his capacity as Executive Director of the Oklahoma Employment Security Commission; Karl Jahnke, individually and in his capacity as Chief Hearing Officer for the Appeal Tribunal of the Oklahoma Employment Security Commission, Defendants–Appellees.

No. 01–6236.

United States Court of Appeals, Tenth Circuit.

April 23, 2002.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before SEYMOUR, McKAY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patrick K. Freeman, appearing pro se, appeals the district court's denial of his request for declaratory judgment and injunctive relief stemming from certain Oklahoma Employment Security Commission (Commission) practices which Mr. Freeman alleges contributed to that Commission's denial of Mr. Freeman's claims for unemployment insurance benefits. The district court found the Commission's procedure for providing notice of hearings over claims for benefits complies with the due process and fair hearing requirements of 42 U.S.C. § 503(a)(3), 42 U.S.C. § 1983, and the Fourteenth Amendment to the U.S. Constitution.[1] We affirm.

## I. Background

The facts of this contentious proceeding are well known to the parties. Mr. Freeman was terminated from the employ of the Richardson Law Firm (Law Firm) on January 12, 1998. He subsequently applied for unemployment insurance benefits from the Commission, but was denied those benefits on April 23, 1988, due to the Law Firm's allegations of Mr. Freeman's employee misconduct.[2]

Mr. Freeman appealed that determination to the Commission's Appeal Tribunal. After a hearing, at which Mr. Freeman was represented by counsel, the hearing officer affirmed the initial denial of benefits. The Commission's Board of Review subsequently affirmed the Appeal Tribunal's decision, and Mr. Freeman took his claim to the Tulsa County District Court. That court initially affirmed the decision of the Commission's Review Board, however, on reconsideration the court issued an order reversing the Review Board and remanding the case to the Appeal Tribunal

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The complaint was filed as a class action on behalf of certain other similarly situated Oklahoma residents who "have been denied or terminated from unemployment compensation benefits by Defendants under procedures which do not afford them minimal due process protection." R., Vol. 1, Doc. 1 at 2.

Because the district court found that Mr. Freeman's due process claims failed, it did not rule on the motion for class certification, and the proper outcome of that motion is not at issue in this appeal.

2. Specifically, the Commission's initial determination dated April 23, 1998, informed Mr. Freeman that he was denied benefits for "repeatedly failing to perform ... assigned work, failing to report to work on time and leaving early and causing problem [sic] with other employees." R., Vol. 2, Doc. 5 at 1 (original in caps).

for a new hearing before a new hearing officer.

In the second hearing, Mr. Freeman again appeared with counsel. Once again, the Appeal Tribunal denied Mr. Freeman's unemployment benefits. The hearing officer found specific evidence of employee misconduct, relying especially on the testimony of certain law clerks who had problems working under Mr. Freeman. Tying that evidence to Mr. Freeman's first notice of denial of benefits dated April 23, 1998, the hearing officer concluded:

> claimant was initially given notice of three reasons for his discharge for misconduct in the notice of determination. Employer did not provide convincing evidence of claimant's alleged attendance problem; nor, did employer present convincing evidence that claimant was not fulfilling work requirements. However, the third reason, i.e., causing problems with other employees, was proved by convincing testimony. Claimant had sufficient notice of the issue and the pending testimony of the law clerks.

R., Vol. 2, Doc. 40 at 2. Mr. Freeman again appealed to the Commission's Board of Review, which again affirmed the Appeal Tribunal. The county court affirmed the Board of Review's decision on August 27, 1999. Mr. Freeman did not appeal that decision.

Mr. Freeman filed the instant action in federal court seeking (1) a declaratory judgment that the Commission's notice procedure, including its use of a standard notice of hearing form, is constitutionally deficient for failing to give adequate notice of all factual allegations to be raised at the hearings; (2) a declaratory judgment that defendants in this case denied Mr. Free-

man and others in the class due process; (3) a permanent injunction forbidding the Commission from conducting hearings without constitutionally adequate notice; (4) court orders directing the Commission to promulgate rules and regulations ensuring fair hearings; and (5) a "fair" hearing for Mr. Freeman and others using "proper" notice of hearing forms, along with a formal announcement prior to each hearing limiting the scope of evidence and testimony only to factual allegations that are specifically included on those forms. The district court entered judgment in favor of defendants on May 15, 2001, holding that the Commission's notice procedure provides the due process required under 42 U.S.C. § 503(a)(3), 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution.

## II. Discussion

Where, as here, the court's resolution of the motion for declaratory judgment involves questions of constitutional law, we review that determination *de novo*. *See United States v. Clark*, 84 F.3d 378, 381 (10th Cir.1996). We review questions of fact, if any, for clear error. *Id.* In this case, the district court found the Commission's notice procedure provides due process under controlling Supreme Court and Tenth Circuit precedent. We have carefully read the district court's well-reasoned opinion under the applicable standards in light of the parties' materials and record on appeal, and we agree with that court's thorough analysis. Therefore, we affirm for substantially the same reasons as those set forth by the district court in its order dated May 15, 2001.[3]

---

3. The district court also denied Mr. Freeman's request for a permanent injunction. "We review the district court's issuance or denial of a permanent injunction for an abuse of discretion." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir.1996). Because that request was specifically premised on Mr. Freeman's allegation

 

On appeal, Mr. Freeman makes a number of arguments urging us to overturn the district court's decision. To the extent that those arguments apply to the facial invalidity of the Commission's procedures, we find them without merit. In many instances, however, Mr. Freeman's arguments seem to raise questions regarding his particular case, which, as demonstrated by the recitation of facts found at each level of review, actually appears aberrant due to its abundance of due process. Those arguments pose questions which we cannot review. *See Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (holding that the *Rooker/Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

tions; David R. McKune, Warden of Kansas Department of Corrections; Michael W. Moore, Secretary of Florida Department of Corrections; Robert M. Porter, Interstate Compact Coordinator for Florida Department of Corrections; Patti Dyess, Assistant Administrator for Florida Department of Corrections; Ellen B. Roberts, Classification Services, Bureau of Inmate Classification and Management for Florida Department of Corrections; Prison Health Services, Inc.; Akin Ayeni, Prison Health Services State Medical Director for Kansas Department of Corrections; Stephen Dayan, Prison Health Services Medical Physician; Sandip Naik, Prison Health Services Medical Physician; and Nadine K. Belk, Prison Health Services Administrator at Lansing Correctional Facility, Defendants–Appellees.

No. 01–3391.

United States Court of Appeals, Tenth Circuit.

April 24, 2002.

that the notice procedure did not provide due process, the court's denial of the injunction, based on its finding of sufficient due process, was not an abuse of its discretion. Additionally, after reading the materials supporting Mr. Freeman's request for new trial/reconsideration pursuant to Rule 59(a), we agree with

the district court's analysis of the issue involved, and we conclude that the court did not abuse its discretion in denying that motion. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 n. 5 (10th Cir.2000).