**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY LYNN MCGHEE,

Defendant-Appellant.

No. 02-7084
(D.C. No. 96-CR-55-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Danny Lynn McGhee, a federal prisoner proceeding pro se, appeals the denial of his motion for return of property, construed as a post-forfeiture motion filed pursuant to Fed. R. Crim. P. 41(e).[1] We affirm.

In April 1996, $50,800 was seized from Mr. McGhee pursuant to a search warrant as proceeds of, or property used to facilitate, methamphetamine distribution. The United States initiated an administrative forfeiture proceeding in June 1996, which resulted in a judgment of forfeiture in November 1996. Mr. McGhee later pleaded guilty to two counts of using a communication facility to facilitate drug distribution. This court affirmed his conviction and sentence on direct appeal. *United States v. McGhee*, No. 97-7023, 1997 WL 758852 (10th Cir. Dec. 9, 1997) (unpublished disposition). Mr. McGhee sought habeas relief pursuant to 28 U.S.C. § 2255, which was denied by the district court. *See United States v. McGhee*, No. 99-7149, 2000 WL 1701668 (10th Cir. Nov. 14, 2000) (unpublished disposition) (denying his request for a certificate of appealability).

Mr. McGhee then filed the motion for return of property. He alleged the currency was not validly forfeited because he did not receive actual notice of the administrative forfeiture proceedings; that the seizure of the currency was unlawful because the search warrant was not supported by probable cause, was

_____

[1] Effective December 1, 2002, Rule 41(e) was amended and relocated to Rule 41(g). We refer to the formulation, i.e., Rule 41(e), effective at the time of Mr. McGhee's June 11, 2001 filing.

overly broad and was illegally executed; and that the forfeiture constituted a constitutionally excessive fine.

"Where criminal proceedings against the movant have already been completed, a district court should treat a Rule 41(e) motion as a civil complaint" for equitable relief from forfeiture. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996).

> [W]here the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41(e) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures. However, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is available for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights. If an administrative forfeiture does not have any procedural defects, other challenges to the forfeiture, which could have been addressed under the statutory and regulatory procedures, must be considered waived.

*United States v. Deninno*, 103 F.3d 82, 84-85 (10th Cir. 1996) (citations omitted).

The district court denied the motion, ruling that Mr. McGhee received notice reasonably calculated to apprise him of the forfeiture proceedings and to afford him an opportunity to present his objections. *Id.* at 85. Because Mr. McGhee received constitutionally adequate notice of the forfeiture, his remaining challenges were waived when he failed to file a timely claim in the forfeiture proceedings. *Id.* at 84-85. The district court further ruled that Mr. McGhee was collaterally estopped from relitigating the issue of notice and the legality of the search, because he raised these same issues in his § 2255 petition.

-3-

We review the due process argument *de novo*. *Clark*, 84 F.3d at 381. We have considered the district court order, the parties' briefs and contentions, and the entire record on appeal. Finding no error, we AFFIRM for substantially the reasons set out in the district court's Order dated June 19, 2002.

Entered for the Court


Mary Beck Briscoe
Circuit Judge