**Phillip TRIMBLE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.**

No. 03–3568.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2003.

Brenda S. Bramlett, Bramlett & Durard, Shelbyville, TN, for Petitioner.

M. Bradley Flynn, U.S. Department of Agriculture, Office of the General Counsel, Washington, DC, for Respondent.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

## ORDER

Phillip Trimble seeks review of a final order by the Secretary for the United States Department of Agriculture issued on March 27, 2003, under the Horse Protection Act of 1970, 15 U.S.C. §§ 1821–31. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

On February 4, 2002, Bobby Acord, Administrator of the Animal and Plant Health Inspection Service, an agency of the Department of Agriculture, filed a complaint charging Trimble with violating the Horse Protection Act. The complaint alleged that Trimble was the trainer of a horse known as "Pushover The Top." Trimble allegedly violated 15 U.S.C. § 1824(2)(B) by entering "Pushover The Top" on April 29, 2000, at the Second Annual Gulf Coast Charity Celebration Walking Horse Show at Panama Beach, Florida, while the horse was sore.

On February 4, 2002, the Department's Hearing Clerk sent to Trimble and other parties a service letter and a copy of the Department's Rules of Practice under which administrative adjudications are conducted, 7 C.F.R. §§ 1.130–1.151. The complaint package was sent by certified mail to Trimble's last known business address. The package was signed for by Alfonso Avila. Trimble failed to file an answer to the complaint within twenty days after service of the complaint as required by 7 C.F.R. § 1.136(a). On March 11, 2002, the Hearing Clerk sent a letter to Trimble informing him that his answer to the complaint had not been filed within the time required.

On October 11, 2002, in accordance with 7 C.F.R. § 1.139, the Inspection Service filed a motion for a default decision which the Hearing Clerk mailed to Trimble on October 15, 2002. Trimble did not object to the motion for a default decision. On December 30, 2002, Administrative Law Judge James W. Hunt (ALJ) issued a decision finding that Trimble entered "Pushover The Top" in the Charity Celebration while the horse was sore and concluded that Trimble had violated 15 U.S.C. § 1824(2)(B). The ALJ imposed a $2,200 civil penalty and disqualified Trimble for one year from showing, exhibiting, or entering any horse and from judging, manag-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing, or otherwise participating in any horse show, horse exhibition, horse sale, or horse auction. Trimble received personal service of the ALJ's decision in Frankewing, Tennessee, on February 3, 2003.

On February 20, 2003, Trimble filed an appeal of the ALJ's decision and order. The Secretary of Agriculture issued a final decision on March 27, 2003. The Secretary adopted the ALJ's decision and order as his final decision and added additional conclusions. The Secretary affirmed the ALJ's conclusion that Trimble failed to file an answer to the complaint within the time provided for under 7 C.F.R. § 1.136(a). The Secretary also concluded that the "[a]pplication of the default provisions of the Rules of Practice does not deprive [Mr. Trimble] of his rights under the due process clause of the Fifth Amendment to the United States Constitution." The Secretary assessed Trimble a civil penalty of $2,200 and disqualified him for one year from showing, exhibiting, or entering any horse and from judging, managing, or otherwise participating in any horse show, horse exhibition, horse sale, or horse auction. This petition for review followed.

On appeal, Trimble asserts that his due process rights were violated because he was not notified in a reasonable manner of the administrative action against him regarding the alleged violations of the Horse Protection Act.

The court's review of an administrative decision regarding the Horse Protection Act is limited to a determination of whether proper legal standards were used and whether substantial evidence exists to support the decision. *Bobo v. United States Dep't of Agric.*, 52 F.3d 1406, 1410 (6th Cir.1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence means more than a scintilla, but less than a pre-

ponderance, and must be based on the record taken as a whole. *Id.*

Trimble contends that the service of process by certified mail of the February 4, 2002, complaint was insufficient under the due process clause of the Fifth Amendment. The facts establish that the Hearing Clerk for the Department of Agriculture sent the complaint to Trimble's last known business address by certified mail. Service by certified package is a constitutionally adequate method of notice. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The fact that Trimble may not have received the certified package does not negate the constitutional adequacy of the attempt to accomplish actual notice. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir.1996). The Secretary had no other address for notifying Trimble of the proceedings. Under these circumstances, the Secretary's effort to send the complaint to Trimble's last known address is "reasonably calculated under all the circumstances" to notify Trimble of the proceedings. *DePiero v. City of Macedonia*, 180 F.3d 770, 788–89 (6th Cir.1999) (serving a summons to the plaintiff's last known address is sufficient where the plaintiff was not incarcerated and where the city had no information about the plaintiff's whereabouts that would give the city reason to suspect he would not actually receive the notice mailed to his last known address).

Accordingly, the petition for review is denied.