FILED
United States Court of Appeals
Tenth Circuit

March 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LLOYD SEWARD,

   Plaintiff-Appellant,

v.

GENE CHRISTIANSON, District
Attorney; LEAH EDWARDS,
Assistant District Attorney; BILL
SMITH, Public Defender,

   Defendants-Appellees.

No. 08-6047, 08-6081

Western District of Oklahoma

(D.C. No. 5:07-CV-00447-RJC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

These are two consolidated *pro se* state prisoner civil rights appeals. Jerry

Seward filed a Federal Rule of Civil Procedure 60(b) motion for relief from

judgment, claiming he had newly discovered evidence which would require the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court to relieve him from its prior judgment and extend the time for appeal. The district court construed this as a Federal Rule of Appellate Procedure 4(a)(6) motion to reopen the time to appeal. The court dismissed the motion. Mr. Seward timely appeals this decision, as well as the denial of his motions to proceed *in forma pauperis* and to amend his complaint. We review the district court's legal conclusions de novo and factual conclusions, if any, for clear error. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996).

First, Mr. Seward claims the district court's order is invalid because the last line reads "IT IS SO ORDERED this th [sic] day of January, 2008." This line presents two errors. Obviously, the court forgot to fill in the date. In addition, the month listed is January though the order was issued in February. These clerical errors can be corrected "at any time" under Fed. R. Crim. P. 36, and do not affect the validity of an order or judgment. *See Flanagan v. United States*, 179 F.2d 703 (6th Cir. 1949) (holding that an incorrect date of judgment of conviction for crime endorsed on judgment can be amended to show correct date without invalidating judgment).

Second, Mr. Seward claims that, even if the order is valid, the district court erred in denying his Rule 60(b) motion. According to Mr. Seward, the state impeded his access to records, and this should have the tolled the time he had to file an appeal. However, in making this argument, Mr. Seward appears to be complaining about his first appeal in 2007, which was dismissed as time barred.

In that appeal, this Court determined that the prison mailbox rule did not apply, and as a result, Mr. Seward's notice of appeal was filed more than sixty days late. *See Seward v. Christianson*, 07-6268 (10th Cir. Nov. 15, 2007) (unpublished). *This* appeal is from a second district court opinion, a different case involving the same parties and the same facts. The second district court opinion did not address the mailbox rule and dismissed his motion on procedural grounds, which Mr. Seward fails to address in his brief.

The district court opinion applied Federal Rule of Appellate Procedure 4(a)(6) in determining whether Mr. Seward's motion to extend the time to appeal could be granted. Rule 4(a)(6) permits a court to reopen the time for appeal if certain requirements are met; however, the district court found the requirements unfulfilled. For relief to be granted, Rule 4(a)(6)(A) requires that "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Here, the district court's judgment on dismissal was entered on June 29, 2007. Mr. Seward filed a Motion for Reconsideration on July 6, 2007, showing that he had notice of the judgment within 21 days of its entry. Thus, the district court denied his motion.

Mr. Seward's appellate challenges to the decision below are difficult to follow. He claims his Due Process and Equal Protection rights have been violated by the district court in this case, but then proceeds to bring up issues that we

addressed in his first appeal. Though he claims he should have been entitled to an evidentiary hearing in district court, Mr. Seward makes no mention of Federal Rule of Appellate Procedure 4, upon which the entire district court opinion in this case was based. He fails to show any reason why the district court order denying his motion to extend the time to appeal was in error. Thus, the well-reasoned district court order should be upheld.

The denial of Mr. Seward's Fed. R. Civ. P. 60(b) motion is **AFFIRMED**. The district court's denial of Mr. Seward's motion to proceed *in forma pauperis* and his motion to amend his complaint are likewise **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge